HORTON, Chief Judge.
The appellant was informed against and convicted of unlawfully obtaining from another “merchandise” of the value of more than $100 in exchange for a worthless check. He was sentenced to one year and a half in the state penitentiary and fined *753 $1,000. The appeal is from the judgment of conviction and sentence.
The record discloses that the appellant had, over a period of approximately one year, dealt with one Willard Johnson, who was engaged in the letter and printing service and had rendered services and materials in the approximate sum of $1,000 to the appellant. The check in question was for the sum of $338.48 and appears to have been given in part payment of an existing obligation. The check for $338.48, upon which prosecution was predicated, was placed for clearance by Johnson and was returned by the bank indicating that there was insufficient funds in appellant’s account to pay the check. The appellant’s prosecution followed, during the course of which he moved, at the conclusion of the state’s case and after all the evidence, for directed verdict, both of which motions were denied. It is the denial of appellant’s motions for directed verdict, based upon the alleged insufficiency of the evidence, that is urged as error on appeal.
The statute under which the information appears to have been drawn — § 832.05(3) —reads as follows :
“Obtaining property in return for worthless checks, etc. — It shall be unlawful for any person, firm or corporation to obtain any services, goods, wares or other things of value by means of a check, draft or other written order upon any bank, person, firm or corporation, knowing at the time of the making, drawing, uttering, issuing or delivering of said check or draft that the maker thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation, provided however that no crime may be charged in respect to the giving of any such check or draft or other written order where the payee knows or has been expressly notified or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment thereof.” [Emphasis supplied.]
Section 832.05(2) makes it unlawful to issue a worthless check without obtaining anything of value in exchange. These two subsections therefore differ in one major aspect in that § 832.05(3) condemns, in addition to the issuance of a worthless check, the obtaining of services, goods, wares or other things of value by means of the check. Section 832.05(6) provides the penalty for violations under § 832.05 by prescribing the penalty to be in the same manner as provided by law for punishment of the crime of larceny. Under the larceny statute — § 811.021- — the penalty prescribed as punishment is defined in terms of the value of “the property stolen.” The value of property obtained in exchange for the worthless check is analogous to the value of the property stolen under the larceny statute. Accordingly, it would be impossible to apply the larceny statute to violations of § 832.05(2). For violations under § 832.05(3), the penalty to be applied would be measured by the value of the “merchandise” secured in exchange for the worthless check. See State ex rel. Shargaa v. Culver, Fla.1959, 113 So.2d 383, and Penrod v. Cochran, Fla.1960, 123 So.2d 334. Although the information here charged that the appellant obtained “merchandise” of the value of more than $100 by means of the issuance of a worthless check, it nevertheless developed from the testimony at trial that the check given in the sum of $338.48 was for the purpose of paying a pre-existing debt incurred by the appellant with the state’s prosecuting witness, Johnson. Obviously, the testimony did not support the charge in the information because it failed to establish an essential element of the crime, i. e., obtaining services, goods, wares or other things of value by means of the check. It has generally been held under similar circumstances, that the payment of a pre-existing debt by worthless check does not come within the ban of those statutes prohibiting the intentional making, drawing, uttering or *754 delivering of checks not supported by funds or credit and thereby obtaining something of value. See Perkins, Criminal Law, 270 (19S7) and annotation S9.A.L.R.2d 1159. It appears in this instance that the appellant did not obtain anything of value by means of the check, nor did the prosecution’s witness, Johnson, part with anything of value upon the strength of the check. Under this state of the proof, the trial judge was in error in refusing to grant the directed verdict at the conclusion of the state’s case. It may be that the statute under which prosecution here was attempted is inadequate to cover the practical aspects of such transactions; nevertheless, that would be a matter for legislative rather than judicial remedy.
Accordingly, the judgment and conviction appealed is reversed, and the cause is remanded with directions to discharge the appellant.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.