## Jackson *v.* State

No. 43285 January 11, 1965 170 So. 2d 438

*Robert E. Arrington, Lawrence D. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Houston Jackson, appellant, was convicted in the Circuit Court of Pearl River County of obtaining money under false pretenses by the issuance of a bad check. He contends that he was entitled to a peremptory instruction or at least that the verdict is contrary to the great weight of the evidence. However, we affirm the judgment.

The pertinent statute makes it a felony for any person, with intent to defraud, to issue a check ($25 or more) to another person for value on a bank, "and thereby obtain from such other person any money, goods or other property of value," where he has no funds on deposit in such bank to cover the check, and it is not paid by the drawee. Miss. Code Ann. § 2153 (Supp. 1963); Miss. Laws 1958, ch. 282.

■■ ■ Jackson's defenses are that (1) the check was executed by him for a limited purpose, as a performance bond to assure his removal of the houses given him and clearing the lot; and if not, (2) the issuance of the

check by Jackson was in payment of a preexisting debt, not a contemporaneous transaction by which the property was obtained. The payment of a preexisting debt by a "worthless check" does not come within the ban of the statute. The bad check law does not cover the obtaining of goods where they have already been delivered and have passed completely out of the seller's possession. So an essential element of the offense under section 2153 is the making and delivering of the check to another person for value, and thereby obtaining from such other person money, goods, or other property of value. Moore v. State, 205 Miss. 151, 38 So. 2d 693 (1949); Broadus v. State, 205 Miss. 147, 38 So. 2d 692 (1949); Annot., 59 A.L.R. 2d 1159 (1958); 35 C.J.S. *False Pretenses* § 21c (1960); 22 Am. Jur. *False Pretenses* § 71 (1939); *cf.* Blakeney v. State, 216 Miss. 211, 62 So. 2d 313 (1953) (prosecution under general false pretenses statute, Miss. Code Ann. § 2149, 1956).

Curtis Alexander was a businessman of Bay Springs. He owned some land in Pearl River County, in the buffer zone adjacent to the National Aeronautics and Space Authority's test center. On it were an old house and outbuildings. Fred Goolsby worked as his agent in buying and selling property. Jackson was in the house-moving business. The state's evidence was to the effect that Alexander made an agreement to sell Jackson the house and outbuildings on this lot for the sum of $800. Jackson would remove them from the tract, and clear it. In order to determine whether he should buy the house and whether it was movable, Jackson put his equipment under it and raised it from the foundation to inspect joists and other framing. The house was raised solely for that purpose but had not been moved from its location.

On May 22, 1963 Jackson gave Alexander a check on a bank in the amount of $800, which recited that it was for a house, small barn, and all outhouses. The

check was presented to the drawee bank in due course, and returned to Alexander marked insufficient funds. After the check was given by Jackson to Goolsby to be forwarded to Alexander, Goolsby handed Jackson Alexander's bill of sale, and authorized Jackson to remove the buildings, which he did.

On the other hand, Jackson's version was this: The house was so old and dilapidated that it was practically worthless. Goolsby tried but failed to sell it to him. Finally he and Goolsby agreed that Jackson would remove the buildings, and clean the lot, in exchange for the lumber and other materials. He and his men spent several days clearing a right-of-way to the road, and jacking up and loading the house on a trailer. They pulled it to the edge of the road and arranged for a highway patrolman to escort them. However, Goolsby arrived at that time and told Jackson that Alexander insisted he pay $800 for the house. Defendant said that since he did not have the original agreement in writing, he was in a difficult situation, having invested time and money already. After talking with Goolsby, they finally agreed that he would give Alexander the check to ''serve as a bond'' for performance by him of the moving and clearing the lot. Alexander agreed to this, so Jackson gave the check as a ''bond'' for performance. Jackson said he directed Goolsby not to cash the check, but to hold it solely for that purpose, and Goolsby told him to go ahead and remove the house. Subsequently Alexander tried to cash the check, contrary to his agreement. Defendant denied that he received from Alexander or Goolsby a bill of sale.

In brief, the state's evidence supported the charge of the indictment that Jackson gave Alexander his check for purchase of the house and then was permitted to remove it from the property. Jackson's conflicting version was that the check was given only as a ''bond'' for performance by him of his agreement

to remove the buildings and clear the property, in return for which Alexander would give him the buildings; and that the check was a "bond" only, not be to cashed. In addition, Jackson also contended that the house had already been moved onto the edge of the highway pavement, and was in his possession before he gave the check. In either event, the conflicting evidence presented questions for the jury, which accepted the state's version of the facts. There was ample evidence to support the verdict.

Affirmed.

*Kyle, P. J., and Gillespie, Rodgers and Patterson, JJ.,* concur.