CHARLES E. HOYT, Appellant, v. HOWARD HOFF-
MAN, Sheriff, Ormsby County, State of Nevada,
Respondent.

No. 5052

June 28, 1966

416 P.2d 232

*Stewart & Horton,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *Theodore
H. Stokes,* District Attorney, Ormsby County, for
Respondent.

## O P I N I O N

By the Court, ZENOFF, D. J.:

Appellant, Hoyt, charged with issuing a check without sufficient funds,[1] appeals from a denial of a petition for a writ of habeas corpus.

It was stipulated that Hoyt, a retailer, owed Lester Kirn the sum of $1,376.43 for meat purchased from Kirn, who was in the wholesale meat business. The amount was carried by Kirn as an open account for almost a year until November 9, 1964, when Hoyt gave Kirn a check for $773.16, apparently to apply on account. The check was not honored by the bank for lack of funds, and a month later Kirn caused a criminal complaint to issue against Hoyt alleging violation of NRS 205.130 (1).

Hoyt petitioned for a writ of habeas corpus alleging that the bad check statute was not applicable to checks

---

[1]NRS 205.130 (1). "Every person who for himself, or as the agent or representative of another, or as an officer of a corporation, willfully, with intent to defraud, shall make, pass, utter or publish any bill, note, check or other instrument in writing for the payment of money or for the payment of any labor claim or claims, or delivery of other valuable property, directed to or drawn upon any real or fictitious person, bank, firm, partnership, corporation or depositary, when in fact such person shall have no money, property or credit, or shall have insufficient money, property or credit with the drawee of such instrument to meet and make payment of the same in full upon its presentation, shall be guilty of a misdemeanor and shall, upon conviction thereof, be punished by imprisonment in the county jail for not more than 6 months, or by a fine not to exceed $500, or both such fine and imprisonment, unless such instrument, or a series of such instruments passed in the state during a period of 90 days, is in the amount of $100 or more, in which case such person shall be guilty of a felony and shall, upon conviction thereof, be punished by imprisonment in the state prison for not less than 1 year or more than 5 years. Any person having been previously convicted three times of a misdemeanor under the provisions of this section, or of any offense of a similar nature, in this state or any other state, or in a federal jurisdiction, who shall violate this section shall be guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for not less than 1 year nor more than 5 years."

issued in payment of pre-existing debts. The trial court rejected this contention.

1. Where a so-called cold check statute makes provision only for a drawer who receives something of value in exchange for his check, it is not applicable for pre-existing debt situations. Such statutes are designed to charge a defendant who obtains a benefit as a result of the check. Jackson v. State, 251 Miss. 529, 170 So.2d 438 (1965) ; Harris v. Florida, 123 So.2d 752 (Fla.App. 1960) ; State v. McLean, 216 La. 670, 44 So.2d 698 (1950). The weight of authority is in accord. 59 A.L.R. 2d 1159 (1956).

In this case Hoyt did not receive a benefit as a result of making and delivering the check to his creditor, Kirn, nor was Kirn's position improved or damaged. The pre-existing debt was not affected by Hoyt's conduct in giving a worthless check. The legislature did not intend to make it a crime to issue a worthless check absent damage or injury to the payee thereof. Such damage or injury does not exist when the check is given for a pre-existing debt.

2. Attention is directed to Subsection 3 of NRS 205.130.[2] That portion of the bad check statute contains

[2]Subsection 3 of NRS 205.130. "As against the maker or drawer thereof, the making, drawing, uttering or delivering of any check for the purpose of obtaining money, merchandise, property, credit, thing of value or payment of obligation upon any bank, depositary, person, firm or corporation, payment of which is refused by the drawee when presented in the usual course of business because of insufficient funds, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank or other depositary, if such maker or drawer shall not have paid the holder thereof the amount due thereon, together with the protest fees, within 10 days after notice has been sent to the maker or drawer that such check, draft or order has not been paid by the drawee. Such notice shall be sent to the maker or drawer by registered mail, return receipt requested, at the address on the check, draft, or order. Return of the notice because of nondelivery to the maker or drawer raises a rebuttable presumption of intent to defraud. Refusal of payment by the drawee because of a nonexistent account is prima facie evidence of intent to defraud."

language referring to the issuance of a check "in payment of obligation." It is argued that "payment of obligation" includes pre-existing obligation. We do not agree. That phrase relates to an obligation created concurrently with the drawing of the check and not to a debt already existing. In any event, the substantive crime is defined in Subsection 1. Therefore, we hold that NRS 205.130 (1) does not apply to checks given for pre-existing debts.

Reversed. The complaint is ordered dismissed, the appellant released from custody, and the bail bond exonerated.

THOMPSON and COLLINS, JJ., concur.