STATE OF NEVADA, APPELLANT, *v.* GLENN JARMAN, RESPONDENT.

No. 5409

March 4, 1968 438 P.2d 250

*Harvey Dickerson,* Attorney General, *Leonard P. Root,* District Attorney, Mineral County, for Appellant.

*Leonard E. Blaisdell,* of Hawthorne, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant State of Nevada, hereinafter referred to as "the state" or the appellant, charged respondent Glenn Jarman, hereinafter referred to as "Jarman" or the respondent, with issuing a check without sufficient funds, and appeals from an order of the lower court making permanent a writ of habeas corpus, dismissing the complaint and discharging the respondent from custody.

Jarman, a civilian employee of the Department of Navy, owed Big T Market, Inc., the sum of $130 for groceries previously purchased. The amount was carried by Big T Market, Inc., as an open account for two weeks prior to April 21, 1967, when Jarman gave Big T Market, Inc., a check for $130 in full payment of his grocery account. The check was drawn on the North Reno Branch of Nevada Bank of Commerce, Reno, Nevada, and was not honored by the bank because of insufficient funds in Jarman's account.

After the check was returned to Big T Market, Inc., the proprietors of the market contacted Jarman and urged him to redeem the check. On June 7, 1967, Garland R. Rowlett, one of the owners of Big T Market, Inc., caused a criminal complaint to be filed against Jarman, alleging violation of NRS 205.130(1). A preliminary hearing was held on July 6, 1967, at which time Jarman moved to quash the complaint and demurred to the complaint on the ground that it did not allege facts sufficient to constitute a crime under the laws of this state.

At the close of the preliminary hearing, Jarman moved for dismissal of the case upon the ground that the drawing of the check to pay a pre-existing debt did not amount to a criminal offense. In support of his position, respondent cited Hoyt v. Hoffman, 82 Nev. 270, 416 P.2d 232. The motions and demurrer of the respondent were denied and he was bound over for trial in the district court.

Immediately after the preliminary hearing, respondent filed

a petition for a writ of habeas corpus in the district court. On July 7, 1967, the day after the preliminary hearing, the petition was heard and the learned judge found this case directly in point with the case of Hoyt v. Hoffman, supra, made the writ of habeas corpus permanent, dismissed the complaint and released respondent from custody.

The appellant contends that the trial court erred in applying the case of Hoyt v. Hoffman, supra, to the facts in this case. The appellant's contention is without merit. We find that the case of Hoyt v. Hoffman, supra, is directly in point on the law and the facts in this case, and affirm the order of the trial court.

In Hoyt v. Hoffman, supra, this court said: "The legislature did not intend to make it a crime to issue a worthless check absent damage or injury to the payee thereof. Such damage or injury does not exist when the check is given for a pre-existing debt * * *. Therefor, we hold that NRS 205.130(1) does not apply to checks given for pre-existing debts." Harris v. Florida, 123 So.2d 752 (Fla.App. 1960); Blue Bonnet Creamery, Inc. v. Gulf Mills Association, 172 So.2d 133 (La. 1965); Jackson v. State, 170 So.2d 438 (Miss. 1965); 59 A.L.R.2d 1159.

In reaching its conclusion in Hoyt v. Hoffman, supra, this court said: "In this case Hoyt did not receive a benefit as a result of making and delivering the check to his creditor, Kirn, nor was Kirn's position improved or damaged." In the instant case we find that the position of Big T Market, Inc., was not damaged, but in fact improved, in a legal sense. Its preexisting open account was converted to a written instrument for a definite admitted amount.

Furthermore, the moment when the limitations of actions began to run was advanced to the 21st of April, 1967, and instead of a four year limitations of actions on the open account, the market gained the benefit of a six year limitations of actions.[1]

---

[1]NRS 11.190. "Actions other than those for the recovery of real property unless further limited by NRS 11.205, can only be commenced as follows:

"1. *Within 6 years:*

"(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.

"(b) An action upon a contract, obligation or liability founded upon

The gravamen of the crime of issuing a check without sufficient funds is intent to defraud. To defraud means to deprive a person or property or interest, estate or right by fraud, deceit or artifice. Sterner v. Lehmanowsky, 113 N.W.2d 588 (Neb. 1962); State v. Harris, 313 S.W.2d 664 (Mo. 1958); Benedict v. State, 89 N.W.2d 82 (Neb. 1958); People v. Griffith, 262 P.2d 355 (Cal. 1953). In the case of State v. Vandenburg, 2 A.2d 916 (Del. 1938), the court, adopting a definition from Webster's New Inter. Dict., held that: " 'To defraud' means 'to deprive of some right, interest or property by a deceitful device; to cheat; to overreach; * * *'."

In Maggard v. Commonwealth of Kentucky, 262 S.W.2d 672 (Ky. 1953), a case involving a prosecution for issuing a worthless check, the court said: "A necessary element of the offense is an intent to defraud, and it is well settled that when a check is given in payment of a debt without simultaneously obtaining money or property, the offense is not complete."

Here Big T Market, Inc., was not damaged. The pre-existing debt was not affected by Jarman's conduct in giving a worthless check. He did not deprive Big T Market, Inc., of some right, interest or property. Intent to defraud, the essential element of the crime of issuing a worthless check, is absent.

There is nothing in the record to show Jarman received a benefit as a result of making and delivering the check to his creditor, Big T Market, Inc., only the nature of his debt was changed from an open account to a written instrument.

No intent to defraud could be implied. We follow Hoyt v. Hoffman, supra, and affirm the action of the district court.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.

---

an instrument in writing, except those mentioned in the preceding sections of this chapter.

"2. *Within 4 years:*

"(a) An action on an open account for goods, wares and merchandise sold and delivered.

"(b) An action for any article charged in a store account.

"(c) An action upon a contract, obligation or liability not founded upon an instrument in writing * * *."