CHARLES MAIDEN AND WILBURT LEE STREET, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 5489

July 3, 1968                    442 P.2d 902

*A. D. Demetras,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

**O P I N I O N**

By the Court, Mowbray, J.:

At approximately eleven o'clock on the night of July 26, 1967, the complaining witness, a 14-year-old girl, was in the area of the Glen Duncan School, Reno. She was in the company of four boys. Two carloads of youths stopped nearby. Some of them left the cars and came toward the girl and her friends, carrying chains, tire irons, and related items. The complaining witness and her friends fled. She later testified that two of the youths caught her, took her behind the school, and raped her.

The Washoe County Grand Jury met concerning this matter in August 1967. They heard the complaining witness relate the facts. Then two men were ushered into the room for a moment and ushered out again. The witness then identified the two youths as those who had raped her on the night in question. The grand jury returned an indictment on the rape charge. The defendants then filed a petition for a writ of habeas corpus to set aside the indictment on the grounds that their constitutional rights were denied them by the grand jury proceedings. The denial of that petition is the subject of this appeal.

Petitioners contend that, under United States v. Wade, 388 U.S. 218 (1967), the grand jury identification was unconstitutional in that their counsel was not notified and therefore not present. They claim that the identification evidence was therefore illegal and should not be able to support the indictment.

The court in the Wade case said that one is entitled to the assistance of counsel at any critical stage of the proceeding against him. It then went on to say that a stage was "critical" whenever counsel's assistance was necessary to insure a meaningful defense or a fair trial. On the other hand, noncritical stages were classified as those where there was a minimal risk that counsel's absence might derogate from the defendant's right to a fair trial.

In Wade, a line-up was considered to be a critical stage for the following reasons: 1) Eyewitness identification is recognized as being inherently untrustworthy; 2) there is the ever-present danger of suggestive influences in the presentment of the subject for identification; and 3) if the line-up is conducted "without presence of counsel", it is nearly impossible for counsel to reconstruct what happened to determine if such suggestions were present—thus curtailing quite substantially the witness's right of cross-examination.

This situation differs considerably from that in Wade. Here, the material needed for a substantial cross-examination of witnesses is preserved by the transcript of the proceedings made by the court reporter. That transcript provides defense counsel with a verbatim report of the questions, answers, and comments of everyone present. It also gives counsel the names of persons who were present, including the grand jurors themselves, so that he might investigate any possible nonverbal suggestions or prejudices arising against his client.

Under NRS 172.145 and 172.235, it is clear that in a grand jury proceeding neither the defendant nor his counsel have the right to be present. See also dictum in Victoria v. Young, 80

Nev. 279, 392 P.2d 509 (1964), overruled on other grounds in Shelby v. Dist. Court, 82 Nev. 204, 414 P.2d 942 (1966). There being no such right, there could be no violation.

Affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and BATJER, JJ., concur.