RUTH ALICE SHARKEY, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 5955

October 22, 1969                  459 P.2d 769

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

On April 19, 1968, at 7:30 p.m., police officers while performing their duties in a prowl car in a residential neighborhood in Las Vegas followed the appellant, Ruth Sharkey, whom they observed operating her automobile with another person beside her as a passenger. When they flashed their bright lights behind her they saw a commotion take place in her car after which she pulled her car very close to the curb and drove alongside it for 50 feet. As this happened they observed the passenger toss a bag in a garbage can on the sidewalk. While Ruth was being interrogated by one officer the other officer retrieved the article from the garbage can and yelled to the first officer that the bag appeared to contain marijuana. They then arrested her for not having a driver's license, for contributing to the delinquency of a minor (her passenger) and for possession of marijuana. We do not know the disposition of the first two charges. When her clothes were searched at the police station minute particles of marijuana were found in her jacket pocket.

Appellant petitions for a writ of habeas corpus claiming that the infinitesimal amount of marijuana in the jacket pocket was not enough to constitute probable cause and, further, that she should not be held for possession of the marijuana found in the garbage can in the absence of any showing that she knew that the bag contained marijuana.

The police action in accosting the Sharkey car to investigate was proper. Robertson v. State, 84 Nev. 559, 445 P.2d 352 (1968); Harper v. State, 84 Nev. 233, 440 P.2d 893 (1968); Terry v. Ohio, 392 U.S. 1 (1968). So was the subsequent arrest. Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966). Appellant overstresses the importance of the scant amount of narcotic found in her garment at the police station. It may be totally disregarded. The officers had the right to stop her to investigate and the finding of the marijuana in the garbage can justifies the arrest. The arrest being proper the search in the police station is supported by Arabia v. State, 82 Nev. 453, 421 P.2d 952 (1966). But the marijuana found in the

jacket is relatively unimportant because Ruth's conduct in drawing uncustomarily close to the curb allowing the marijuana to be thrown into the garbage can by the passenger was enough cause to bind her over for trial. Whether she was aware of its presence in the car is an issue of fact for the trial court. At this stage of the proceedings inferences may be drawn simply from the presence of the narcotic in the car. Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967); People v. White, 75 Cal.Rptr. 208, 450 P.2d 600 (1969); cf. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969).

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.