MICHAEL PETER COOK, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5930

December 17, 1969                    462 P.2d 523

*Bible, McDonald, Carano & Wilson,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an appeal from an order of the district court denying the pretrial petition of Michael Peter Cook for a writ of habeas corpus. A criminal complaint was filed charging Cook with possession of marijuana and LSD. Following a preliminary

examination he was held to answer to the district court. The premise of his petition for release is that insufficient evidence was presented by the state at the preliminary examination since the marijuana and LSD were seized as the result of an unconstitutional search of his dormitory room at the University of Nevada. The state has moved to dismiss this appeal upon the ground that the remedy of habeas corpus is not available to reach the issue presented. It is the state's contention that our statutory scheme governing the progress of criminal cases contemplates that all challenges to the admissibility of evidence on constitutional grounds must be submitted to the district court by a motion to suppress before or during trial.

The importance of our disposition of the motion to dismiss is apparent at once. If the remedy of habeas corpus is available, an appeal from the ruling of the district court may be taken by either party [NRS 34.380(3) and (4)] and the trial delayed until the appeal is determined since the appellate issue would directly bear upon the innocence or guilt of the accused.[1] On the other hand, if the state is correct in its contention, a review of the ruling of the district court may be sought only following trial and conviction [NRS 177.045] since provision is not made for an interlocutory appeal from a ruling on a motion to suppress evidence [NRS 177.015]. Cf. Franklin v. District Court, 85 Nev. 401, 455 P.2d 919 (1969), wherein we held that a district court ruling on a defendant's pretrial discovery motion could not be challenged by certiorari before trial.

For the past several years this court has been burdened with interlocutory habeas appeals in criminal cases, and the orderly handling of those cases by the trial court has been enormously disturbed. For reasons unknown to us, the propriety of habeas as a remedy to challenge the admissibility of evidence on constitutional grounds was not raised, and we entertained one interlocutory appeal after another. Finally, in July of this year we handed down a short per curiam opinion, Prescott v. State, 85 Nev. 448, 456 P.2d 450, dismissing a pretrial habeas appeal, stating that a challenge to the admissibility of evidence secured by an alleged illegal search must be presented to the

---

[1]Cf. Hanley v. Zenoff, 81 Nev. 9, 398 P.2d 241 (1965), and Tucker v. Mowbray, 81 Nev. 7, 398 P.2d 244 (1965), where we ruled that the trial court had jurisdiction to proceed to trial notwithstanding the pendency of an interlocutory appeal since the trial would not involve the issue on appeal—in those cases, a denial of a motion to change venue. In dictum, this court intimated that if the issue on the interlocutory appeal bore directly upon the innocence or guilt of the accused, the trial court would not have jurisdiction to proceed to trial until the interlocutory appeal was determined.

district court by appropriate motion.[2] Today, we reaffirm Prescott, state more precisely our underlying reasons and point out the limits within which that decision and the present one are to operate.

1. Three sections of the 1967 Criminal Code [NRS 174.-105; 174.125; 179.085] bear particularly upon the issue presented by the state's motion to dismiss. The relevant part of 174.105 requires all defenses and objections other than "insufficiency of the evidence" to be raised by motion. Standing alone, the quoted phrase would seem to include not only the case where the evidence does not exist in the record to show probable cause, but also the case where the evidence, although present, is inadmissible for constitutional reasons. And, of course, the remedy of habeas is available to test the legality of a commitment upon a criminal charge "without reasonable or probable cause." NRS 34.500(7). Presumably, this embraces insufficiency of the evidence to establish reasonable or probable cause to hold one for trial.

However, 174.105 is not an isolated section, and must be accorded a meaning which is compatible with the two other sections mentioned, NRS 174.125 and 179.085. Those two sections of our code provide for a motion to suppress evidence and require that motion to be made before trial unless an opportunity to do so did not exist or the defendant was not aware of grounds for the motion.[3] The purpose is to avoid trial delay occasioned when the motion is made during trial in the absence of the jury.

The motion to suppress is the remedy normally used to preclude the introduction of evidence at trial which is claimed to

---

[2] Since Prescott we have entertained interlocutory habeas appeals challenging the admissibility of evidence on constitutional grounds simply because counsel did not question the propriety of remedy. See: Thomas v. Sheriff, 85 Nev. 551, 459 P.2d 219 (1969); Sharkey v. State, 85 Nev. 574, 459 P.2d 769 (1969); Derouen v. Sheriff, 85 Nev. 637, 461 P.2d 865 (1969). We shall no longer do so.

[3] NRS 174.125 provides: "1. All motions in a criminal prosecution to suppress evidence, for a transcript of former proceedings, for a preliminary hearing, for severance of joint defendants, for withdrawal of counsel, and all other motions which by their nature, if granted, delay or postpone the time of trial, shall be made prior to trial, unless opportunity to make any such motion prior to trial did not exist or the moving party was not aware of the grounds for the motion prior to trial. 2. In any judicial district in which a single judge is provided by NRS 3.010: (a) All motions subject to the provisions of subsection 1 shall be made in writing, with not less than 10 days' notice to the opposite party

be inadmissible for constitutional reasons, and is the remedy contemplated by our criminal code. An interlocutory appeal from the trial court's ruling on such a motion is not authorized because of attendant delay and the desire to avoid the piecemeal handling of cases. This is the procedure to be utilized when an accused wishes to challenge the admissibility of evidence on constitutional grounds. Habeas is no longer to be employed for that purpose.[4]

---

unless good cause is shown to the court at the time of trial why the motion could not have been made in writing upon the required notice.

(b) The court may, by written order, shorten the notice required to be given to the opposite party.

3. In any judicial district in which two or more judges are provided by NRS 3.010:

(a) All motions subject to the provisions of subsection 1 shall be made in writing not less than 15 days before the date set for trial, except that if less than 15 days intervene between entry of a plea and the date set for trial, such a motion may be made within 5 days after entry of the plea.

(b) The court may, if a defendant waives hearing on the motion or for other good cause shown, permit the motion to be made at a later date.

4. Grounds for making such a motion after the time provided or at the trial must be shown by affidavit."

NRS 179.085 reads: "1. A person aggrieved by an unlawful search and seizure may move the court having jurisdiction where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:

(a) The property was illegally seized without warrant; or

(b) The warrant is insufficient on its face; or

(c) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or

(d) The warrant was illegally executed.

The judge shall receive evidence on any issue of fact necessary to the decision of the motion.

2. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible evidence of any hearing or trial.

3. The motion to suppress evidence may also be made in the court where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

[4]As noted, the habeas procedure has heretofore been used without challenge by the opponent. The following cases are illustrative:

Fourth Amendment: State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964); Wallace v. State, 84 Nev. 532, 445 P.2d 29 (1968); Prescott v. State, supra; Sharkey v. State, supra; Thomas v. State, supra; Derouen v. Sheriff, supra.

Fifth Amendment: State v. Billings, 84 Nev. 55, 436 P.2d 212 (1968); Brown v. Sheriff, 85 Nev. 544, 459 P.2d 215 (1969).

Sixth Amendment: Maiden v. State, 84 Nev. 443, 442 P.2d 902 (1968); Brown v. Sheriff, supra.

2. Our holding today does not preclude the use of habeas corpus in a case where the claim is that evidence does not exist in the record to establish reasonable or probable cause to hold an accused for trial. State v. Jarman, 84 Nev. 187, 438 P.2d 250 (1968); Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968); Mathews v. Sheriff, 84 Nev. 649, 446 P.2d 651 (1968); State v. Wyatt, 84 Nev. 731, 448 P.2d 827 (1968); Lamb v. Holsten, 85 Nev. 566, 459 P.2d 771 (1969), are illustrative cases. Indeed, in such a case there is nothing to suppress to which a motion for that purpose could be directed since it is the absence of evidence that supplies the cause for challenge via habeas. The sections of our criminal code to which we have referred and NRS 34.500(7) of the statutes on habeas corpus are thus reconciled.

For the reasons expressed the state's motion to dismiss this appeal is granted and the case is remanded to the district court for further proceedings.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.