PETER QUENTEN SCHWENDE, APPELLANT, v. SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 6062

February 24, 1970                    466 P.2d 658

*William K. Lohse,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant made a motion to suppress evidence and petitioned for a writ of habeas corpus after the preliminary hearing, but before trial, which were consolidated for hearing by stipulation, and after the hearing thereon the trial court denied both the motion to suppress and the writ. It is from that order that this appeal is taken.

Respondent moved to dismiss the appeal because it is from a denial of pretrial habeas on constitutional grounds, and because there is no interlocutory appeal from a denial of a motion to suppress.

The pretrial application for habeas corpus in this case was not made on the grounds that there does not exist evidence in the record to establish probable cause to hold appellant for trial. Rather, it is appellant's contention that the evidence on which he was bound over for trial was obtained in violation of his constitutional rights and, therefore, it should have been suppressed on his motion. As a consequence, he contends, there is no legally obtained, and thus admissible, evidence upon which to bind him over for trial, and his pretrial application for habeas corpus should have been granted for lack of sufficient evidence to constitute probable cause.

Appellant seeks to do indirectly via appeal from the denial of pretrial habeas what he cannot do directly via appeal from denial of his motion to suppress. In effect, he challenges the admissibility of the evidence used to determine if probable cause existed to bind him over for trial. This we have held can no longer be done. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969). The trial court's ruling on a motion to suppress can be appealed only after trial and conviction, because there is no provision for an interlocutory appeal from such a ruling. Cook v. State, supra. Therefore, until the evidence which is the subject of a motion to suppress is stricken, it remains in the record for consideration by the court and, as evidence, it may be used to determine if there is probable cause to bind over an accused for trial.

Accordingly, respondent's motion to dismiss is granted and this appeal is dismissed.