JAMES L. HUGHES, APPELLANT, v. THE STATE
OF NEVADA, RESPONDENT.

No. 6101

July 9, 1970                                   471 P.2d 245

---

[14]Azevedo concedes that he never challenged or replied to any of the accountings.

*David C. Polley,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *William P. Beko,* District Attorney, Nye County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

James L. Hughes was tried to a jury in district court, and he was convicted of possession of marijuana, which is a violation of NRS 453.030.[1] The district judge sentenced him to serve 4 years in the State Penitentiary. Hughes has appealed, and he seeks reversal on the grounds that the contraband introduced during his trial was unlawfully seized in violation of his constitutional rights. We reject his contention, and we affirm his conviction.

---

[1] NRS 453.030:
"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in NRS 453.010 to 453.240, inclusive."

### 1. *The Facts.*

On March 30, 1969, at about 1:00 a.m., a police officer stationed in Tonopah, Nevada, received a radio call from a State Highway Patrol officer in Las Vegas that Hughes was traveling north on Highway 95 toward Tonopah in an automobile containing marijuana. The Tonopah police set up a "stakeout," and later in the morning, at about 9:00 a.m., two officers observed Hughes drive into Tonopah. These officers stopped Hughes, and while one of them was reading the "Miranda warnings" to him, the other observed in plain view on the floor of the car a plastic bag containing what appeared to the officers to be marijuana. Hughes was arrested, charged, tried, and convicted of unlawful possession of narcotics.

### 2. *Admissibility of the Marijuana.*

Prior to trial Hughes moved to suppress the introduction of the marijuana, on the grounds that it was seized during an unlawful search of his vehicle and therefore not admissible in evidence. The district judge properly denied the motion, and the marijuana was introduced later, during Hughes's trial. The officers had every right, and in fact a duty, to stop Hughes's car. As this court said in Robertson v. State, 84 Nev. 559, 562, 445 P.2d 352, 353 (1968):

". . . It is now the settled law of this state that an officer may stop the occupants of an automobile for legitimate police investigation so long as there is probable cause for that action. [Citations.] This action is proper even though there is not probable cause for arrest at the moment." See also Sharkey v. State, 85 Nev. 574, 459 P.2d 769 (1969); Harper v. State, 84 Nev. 233, 440 P.2d 893 (1968).

It is equally well settled that physical objects in the plain view of an officer who has a right to be in the position that he is, as in this case, are subject to immediate seizure. As this court said in Woerner v. State, 85 Nev. 281, 284, 453 P.2d 1004, 1005 (1969), citing the High Court in Harris v. United States, 390 U.S. 234, 236 (1968):

". . . 'It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. Ker v. California, 374 U.S. 23, 42–43 (1963); United States v. Lee, 274 U.S. 559 (1927); Hester v. United States, 265 U.S. 57 (1924).' . . ."

The reason for the rule is that "what is in plain sight is not

the object of search." People v. Lawson, 81 Cal.Rptr. 883, 884 (Cal.App. 1969). See also United States v. Lee, supra; Oliver v. State, 85 Nev. 10, 449 P.2d 252 (1969); Wallace v. State, 84 Nev. 532, 445 P.2d 29 (1968).

In Hughes's case the plastic bag containing the marijuana was subject to immediate seizure. The officers properly stopped Hughes. The bag was observed on the floor of his car. Both officers had prior experience in identifying marijuana. It is not necessary that positive identification of the contraband be established before it is seized. See Robertson v. State, supra; Sharkey v. State, supra; Rodgers v. United States, 267 F.2d 79 (9th Cir. 1959).

The seizure of the marijuana was proper, and it was admissible in evidence at trial. The conviction is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.