RONALD GEORGE ROSE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6334

December 28, 1970                    478 P.2d 573

*Robert G. Legakes,* Public Defender, and *Steven L. Godwin,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Ronald George Rose was tried before a jury and found guilty of burglary on April 16, 1970. Rose appeals the conviction asserting certain items were improperly admitted into evidence because they were the product of an illegal search and seizure.

On December 25, 1969 a security guard noticed Rose in the guest parking area at the Riviera Hotel. Rose walked to the employee parking area where he examined locks and straps about two gas cans mounted on a jeep, then approached a Dodge vehicle which he began to enter. At that point he was confronted by the security guard, questioned and detained. The Clark County Sheriff's Office was phoned and the officers arrived shortly and placed Rose under arrest.

Rose told the officers that he had driven to the hotel in the vehicle in the guest parking area. One of the officers verified this information by examining the vehicle's registration. He then walked around the vehicle, shined his flashlight through the right rear door window and saw a box resting against a stereo tape carrying case.

The officer then examined one of the vehicles near which the security guard said Rose had been loitering, a 1969 Dodge. He observed that a vent window had been forced open. He also noticed a stereo tape deck and assorted clothing in the rear seat.

Shortly thereafter the owner of the Dodge vehicle appeared. He examined his car, confirmed that the vent window had been forced open, and stated to the officer that a tape case and shirt were missing. He was then taken to Rose's vehicle, looked through the window, and identified the tape case and box as his. The officer then seized and impounded these items.

1. Appellant does not seriously challenge the "search" done by the officer in shining his flashlight through the car window. Cases are replete where similar procedures have been held not to be contrary to the fourth amendment. Hughes v. State, 86 Nev. 584, 471 P.2d 245 (1970); Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966); Harris v. United States, 390 U.S. 234 (1968).

2. Appellant asserts, however, that even though the items were in plain view, so that there is no assailable search, the seizure was not proper without a warrant. This position is untenable in this case. The "search" was admittedly proper, the seized items were first identified as the fruits of the alleged burglary, and the seizure was incidental to and contemporaneous with Rose's arrest. *Cf.* Pendleton v. Nelson, 404 F.2d 1074 (9th Cir. 1968). Requiring a search warrant in such a situation would be patently unreasonable.

Affirmed.