FRED LEE ROBERTSON, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6933

December 26, 1972                    504 P.2d 698

*Morgan D. Harris,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Ordered to stand trial for murder (NRS 200.010) after a preliminary hearing, appellant was denied pre-trial habeas relief in the district court. The thrust of his argument on appeal is his contention that his retained counsel failed to object to the admission in evidence, of two *illegally seized* rifles, and that counsel's failure to do so is tantamount to a denial of effective counsel as articulated in People v. Ibarra, 386 P.2d 487 (Cal. 1963), therefore denying him of the constitutional right to counsel as enunciated in Coleman v. Alabama, 399 U.S. 1 (1971).

While appellant's argument "concludes" that the rifles were acquired illegally in order to raise the competency of counsel question, we decline to speculate on either question. The validity of the search must be challenged by a motion to suppress. NRS 179.085.

Appellant, in this unwarranted effort to obtain our ruling on the legality of the search in a pre-trial habeas proceeding, suggests that a challenge of the search by a pre-trial motion to suppress could not be appealed until after he had been tried and convicted because of our holding in Cook v. State, 85 Nev.

692, 462 P.2d 523 (1969). That portion of *Cook* which relegated an appeal from a ruling on a motion to suppress until after trial is no longer viable as it was superseded by Stats. of Nev. 1971, ch. 627, § 1, p. 1450. NRS 177.015(2) now permits an interlocutory appeal from an order granting or denying a motion to suppress. Barnato v. State, 88 Nev. 508, 501 P.2d 643 (1972).

We affirm the decision of the trial court, without prejudice to appellant's right to properly challenge the legality of the search by pre-trial motion to suppress, as authorized by NRS 174.125 and NRS 179.085.