MELVIN L. CRANFORD, Appellant, *v.* SHERIFF, LANDER COUNTY, NEVADA, Respondent.

No. 8311

September 8, 1975                    539 P.2d 1215

[Rehearing denied September 29, 1975]

*Horace R. Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *George G. Holden,* District Attorney, Lander County, for Respondent.

## OPINION

*Per Curiam:*

Following an altercation at "an apartment" in Battle Mountain, Melvin Cranford was charged with and ordered to stand trial for (1) assault and battery with intent to kill; (2) use of a deadly weapon in the commission of a crime; and, (3) being an ex-felon in possession of a firearm.

Two pretrial petitions for habeas corpus were filed. The first contended there was insufficient evidence adduced at the preliminary examination to establish probable cause to hold Cranford for trial. The second habeas petition was directed to the question of the admissibility of incriminating evidence, which Cranford claims was illegally obtained because his warrantless arrest was constitutionally void. Both habeas petitions were denied in a single order and this appeal follows.

1. The probable cause challenge to counts 1 and 2 is without merit. At this juncture we need not and do not decide whether the evidence before the magistrate would support a conviction. Cf. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

2. Count 3 charges Cranford with being an ex-felon in

possession of a firearm. The state offered neither probative nor demonstrable evidence that Cranford was an ex-felon; therefore, the charge cannot stand.

3. "*The motion to suppress* is the remedy normally used to preclude the introduction of evidence at trial which is claimed to be inadmissible for constitutional reasons, and is the remedy contemplated by our criminal code . . . This *is the procedure to be utilized* when an accused wishes to challenge the admissibility of evidence on constitutional grounds." Cook v. State, 85 Nev. 692, 694–695, 462 P.2d 523, 526 (1969). (Emphasis added.) The appeal from the second habeas petition is dismissed, without prejudice to Cranford's right to timely pursue a motion to suppress. NRS 174.125; *Cook, supra;* Prescott v. State, 85 Nev. 448, 456 P.2d 450 (1969).

The order of the trial court denying the first habeas petition is reversed as to count 3; as to counts 1 and 2, it is affirmed.