CORDELL HARDIN, Petitioner, *v.* HONORABLE MICHAEL R. GRIFFIN, DISTRICT JUDGE, FIRST JUDICIAL DISTRICT, DEPARTMENT I, Respondent.

No. 14102

June 25, 1982                    646 P.2d 1216

*J. Gregory Damm,* Nevada State Public Defender, and *Annabelle Whiting Hall,* Deputy State Public Defender, Carson City, for Petitioner.

*William Maddox,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This original proceeding in mandamus and prohibition challenges the order of the district court denying a pretrial petition for writ of habeas corpus. For the reasons set forth below, we deny the petition for extraordinary relief. NRAP 21(b).

Hardin stands charged with driving under the influence of intoxicating liquors. The criminal information alleges that this is Hardin's third offense within five years, and that the offense is therefore a felony under NRS 484.379. At the preliminary hearing on January 12, 1982, evidence of Hardin's two prior convictions was admitted over a defense objection. The justice of the peace found probable cause to believe that Hardin committed the felony, and Hardin was bound over to the district court for trial.

The major premise of the habeas corpus petition was that insufficient evidence was presented at the preliminary hearing because the evidence of Hardin's two prior convictions was constitutionally infirm.[1] The district court found that records

---

[1] Specifically, Hardin argued that the records of the prior convictions, both of which were based on guilty or *nolo contendere* pleas, did not show sufficient waivers of counsel. Hardin also argued that there was no showing that the pleas were knowing and voluntary.

of the prior convictions were admissible at the preliminary hearing; therefore, the court found that probable cause existed as to the felony charged.

Pretrial habeas corpus may not be used to challenge admissibility of evidence on constitutional grounds. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969). Such a challenge should be made in a motion to suppress evidence, and review of the district court's ruling may be sought following trial and conviction. *Id.* In addition, we will not entertain a petition for writ of mandamus or prohibition which challenges the district court's probable cause determination. Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980). Therefore, we decline to review, in this original prohibition and mandamus proceeding, the district court's pretrial ruling as to admissibility of evidence.

The habeas corpus petition filed in district court also discussed the question of whether the prior convictions were elements of the offense or were merely to be used for enhancement at the time of sentencing. The district court ruled that the prior convictions would be used as substantive proof of the crime charged, and that the prior convictions would not be used solely for enhancement purposes during sentencing. The present petition challenges that ruling.

We note that even under Hardin's interpretation of NRS 484.379, and even if Hardin were to prevail in his argument as to how the prior convictions should be used at trial, Hardin would not be entitled to immediate release from custody because he would still have to stand trial on the felony charge. Thus, Hardin's argument was not the proper subject of a pretrial habeas corpus petition. *See* NRS 34.360 *et seq.; cf.* Director, Dep't Prisons v. Arndt, 98 Nev. 84, 640 P.2d 1318 (1982) (habeas corpus warranted only to challenge legality of custody or restraint).

Furthermore, to the extent that Hardin invites this court to issue a pretrial interpretation of NRS 484.379, we decline to intervene. Hardin's contention as to how the prior convictions should be used at trial can be raised on direct appeal if Hardin is convicted. NRS 177.045. Thus, he will have a plain, speedy and adequate remedy for any prejudicial error which might occur at trial, and this court will have a complete record upon which to review the issues presented. *See* NRS 34.170; 34.330.

The petition is denied.[2]

---

[2]Of course, we express no opinion on the merits of issues raised by Hardin in this petition.