GUTRIDGE *v.* THE STATE OF OHIO.

(Decided February 26, 1930.)

*Mr. Phil S. Bradford* and *Mr. Frank A. Dye,* for plaintiff in error.

*Mr. John J. Chester, Jr.,* prosecuting attorney, and *Mr. I. W. Garek,* for defendant in error.

ALLREAD, J.    The plaintiff in error, Orville Gutridge, was convicted in the court of common pleas

upon a charge of issuing a check without sufficient funds. He is plaintiff in error in this court, and seeks a reversal of the judgment below.

The evidence shows that Gutridge bought an automobile of R. N. Chaffin, received possession of the automobile, and issued his check in payment therefor; that, when such check reached the bank, the same was refused for insufficient funds. The plaintiff in error now claims that the check was invalid, for the reason that no bill of sale of the automobile was tendered to him at or before the sale.

We think, however, that the fact that possession of the automobile was delivered to Gutridge at the time the check was issued was sufficient to sustain the charge; that the check having been lawfully issued and the testimony tending to prove that the bank did not have sufficient funds make a case against the defendant in the court below.

It is true that, under the statute, a bill of sale must be issued at the time of or prior to the sale, but it has been held in the recent case of *Commercial Credit Co.* v. *Schreyer,* 120 Ohio St., 568, 166 N. E., 808, 63 A. L. R., 674, that such delivery of the automobile at the time of the purchase is sufficient as between the parties to the transaction. That would cover the case under consideration. The automobile was delivered at the time of the transaction and check issued therefor. This would constitute a valid transaction between the parties. It has also been held that a check given for a past-due indebtedness is subject to the statute prescribing an offense for the issuing of a check without sufficient funds. *State* v. *Lowenstein,* 109 Ohio St., 393, 142 N. E., 897, 35 A. L. R., 361.

The evidence further shows that shortly thereafter a certificate for the automobile in question was made out by the owner thereof and delivered to his son, who sought out the plaintiff in error, defendant in the court below, but was unable to find him. We think all was done that could have been done by Mrs. Chaffin to confer the title upon the plaintiff. The evidence as to other checks was competent as to the issue of intent to defraud, and the charge upon that issue was correct.

There is some objection to the charge of the trial court, but we think that the charge is correct in all particulars, and that the judgment below should be affirmed.

*Judgment affirmed.*

KUNKLE, P. J., and HORNBECK, J., concur.