STATE *v.* ROBINSON.

(No. 9293—Decided November 26, 1969.)

Common Pleas Court of Clermont County.

*Mr. Chris Erhardt*, assistant prosecuting attorney, for the state.
*Mr. Russell J. Speidel*, for defendant.

NICHOLS, J. This matter was heard before the court, the defendant having waived in writing his constitutional right for a trial by jury. The evidence was presented. The defendant was represented in court and the matter is before the court for determination.

Specifically the defendant was charged with violation of Section 2907.21, Revised Code. The pertinent parts of the section in force at the time of the offense which was on March 30, 1969, are as follows: "No person shall obtain possession of or title to anything of value without consent of the person from whom he obtained it, provided he induced such consent by a false or fraudulent representation, pretense, token or writing." The statute later provides if the value of the service or thing so obtained or sought to be obtained is $60 or more, he shall be imprisoned not less than one year nor more than seven years. If the value is less than $60, such person shall be fined not more than $300 or imprisoned not more than 90 days or both.

The facts as presented to the court for determination were not disputed. On this date the defendant presented a check to the Flick Sales and Service to one of its employees, Mr. John Franklin. The owner of the establishment, Elmer Flick, was away on vacation at that time. He

returned a few days later and found among his receipts of the business, a check on the Amelia State Bank signed by the defendant, Leroy Robinson, in the amount of $100. Rather than placing the check in his own account, he took the check to the bank. It was marked with a slip thereon that the defendant had no account in that bank. At the time the defendant testified in his defense that was admitted. So there is no question in the court's mind that there was an intent to defraud.

Actually, there are two sections that might involve this same type of offense; that is, Section 2911.111, Revised Code, which provides in substance that ''No person shall with intent to defraud draw a check on a bank in which he has insufficient funds or credits to have the check made good,'' and there is some question as to whether or not the drawing of a check on a bank in which he has no funds would be considered insufficient funds. In the opinion of the court, it would make no difference in which section it was indicted under.

The only importance of this section is that there is a case of the Supreme Court being the case of *Koenig* v. *State* as reported in 121 Ohio St. 147, which holds that while there is prima facie evidence of intent to defraud, it is not sufficient to establish a case beyond a reasonable doubt.

The court, however, in this case, feels and will hold that the mere issuance of a check on a bank in which there are no funds in which the defendant has an account, is of itself, prima facie evidence of intent to defraud, and unless there is some definite evidence presented to the contrary by the defendant or through other evidence, that that is sufficient for a jury or a court, when a jury is waived, to find that the defendant is guilty of intent to defraud. So there is no question in the court's mind that in this particular case, there was an intent to defraud.

The problem before the court and one that the court has given some extensive consideration is to the value of the property obtained. The evidence is clear that several weeks prior to this particular transaction the defendant had done business with the Flick's Sales and Service, and it had extended him credit and he had an account with

that company to the extent of either $50.00 or $55.00. The serviceman testified it was $55.00 and Mr. Robinson testified it was $55.00. The way the records were kept it was not possible to ascertain that as they only had a type of statement, and there was, seemingly, no book record of any kind showing the exact balance. But, in any event, the defendant received in currency, from Flick's Sales and Service, money, either $50.00 or $45.00, and therefore, without question he would be guilty of the violation of the section.

The only question involved in the opinion of the court is whether or not the property received by the defendant was in excess or under $60.00, because if it is $60.00 or over, the punishment is a sentence in the penitentiary, and if it is under $60.00 then it is subject to a fine and jail sentence.

The court has gone through many cases trying to ascertain whether or not payment of a past due account should be used in determining whether or not a person receives something of value. The prosecutor has cited statute 1.03 which could be considered that they are as Section (D), (E), and (G) might be said to be something of value. The heading of the section is the definition of "anything of value" and it states that unless the context otherwise requires "anything of value includes" (D) receipts given for the payment of money or other property; (E) type of action, and (G) "every other thing of value." Therefore, the question of whether or not a past due account is something of value.

The case of *State* v. *Lowenstein*, 109 Ohio St. 393, seems to indicate that it is. But in reading the case as a whole, it is stated that the court does not hold that the issuing of a check for past due obligation is conclusive evidence of intent to defraud. It follows that it is prima facie evidence only and it may be rebutted in the course of the trial, and held that the lower court erred in submitting the factual issue to the jury.

The case of *State* v. *Henry*, 156 Ohio St. 229, sustained a verdict of guilty on such a charge, although there was no question of the amount involved in the case. The jury found the defendant guilty of violation of the larceny by trick statute, and the Court of Appeals of Cuyahoga County reversed for failure to include a special charge which in

effect stated that obtaining the property must be done at the time of the larceny which was involved. While the Supreme Court reversed the Court of Appeals and sustained the original verdict, the law as stated in the 3rd syllabus of the case certainly is, without question, correct, but seemingly not determinative of the question involved in this case.

The court or the jury, if tried to a jury, has the obligation to determine the value of the property taken, and certainly in a case where a check which later is returned, was given for a past due account, the amount of the past due account is not necessarily the value of the property received. The jury or court has a right to determine whether the value is the full amount of the account, a lesser amount, or even no value at all. Certainly an account which is paid by a bad check does not cancel the account, and the creditor loses nothing because his account is not paid, and the debtor gains nothing except possibly a day or two in time because he has not paid the account.

In the existing case, the court will, therefore, find that the value of the property received by the defendant was $50.00 which he received in cash, and there was no value to the cancellation of the old account because it was not actually extinguished. Therefore, the court will find the defendant guilty of violation of Section 2907.21, Revised Code, and will fine the defendant the sum of one hundred ($100.00) dollars, and sentence him to ninety (90) days in jail. Inasmuch as the defendant has already served considerable time in jail for want of ability to give the bond required, and inasmuch as he has actually repaid the amount of the check, the jail sentence will be suspended on his good behavior for a period of six months. The defendant will be required to pay all the court costs of this action with the exception of twenty ($20.00) dollars, which the evidence shows he paid to the prosecuting witness at the time he repaid the amount of money for the check, and therefore, that amount will be chargeable to Elmer Flick as he received that amount of money from the defendant. The defendant will be retained in jail until such time as the fine and costs have been paid.