THE STATE OF OHIO *v.* HARRIS.

(No. 82CRA26575—Decided October 20, 1982.)

Hamilton County Municipal Court.

*Mr. Charles F. Dorfman,* for plaintiff.
*Mr. John H. Burlew,* for defendant.

PAINTER, J. This matter came on for a preliminary hearing. Defendant, Fay E. Harris, stands charged with a violation of R.C. 2913.11, passing bad checks. The issue is whether "there is probable cause to believe the crime alleged or another felony has been committed and that the defendant committed it. * * *" Crim. R. 5(B)(4)(a). A finding of probable cause "shall be based solely on the presence of substantial credible evidence thereof." Crim. R. 5(B)(5). While the foregoing is

not a difficult standard, it is this court's opinion that if the prosecution produces uncontradicted evidence which proves, under the law, that there is no criminal intent, defendant must be discharged.

On September 7, 1982, defendant issued a check payable to Colin Mortuary in the amount of $200 as part payment of funeral expenses for her father. It is undisputed that the check was dishonored and returned "not sufficient funds." It is also undisputed that one day after the filing of the complaint the defendant made good the check.

However, the prosecuting witness testified that at the time defendant tendered the check to him, she stated that, even though the check was dated September 7, it would not be good until September 10, when certain insurance proceeds were supposed to be paid to defendant. Defendant told the prosecuting witness that she would then deposit those funds in her account and the check would be good. There was some dispute in testimony concerning whether the insurance funds were received — the defendant testified that they were received but somehow misdirected. However, the court does not believe that that issue is at all relevant to the decision of the court.

There is no question but that the payee knew at the time the check was tendered that it was not collectible. Defendant did not represent that she had sufficient funds in her account to cover the check; on the contrary, she represented that the check was not presently good, but would be made good in the future. In our opinion, this undisputed fact, proven by the prosecution in its case, is sufficient to negative any finding of probable cause.

The case is on all fours with *State* v. *Vice* (C.P. 1946), 33 O.O. 544. The facts in that case were as follows:

"The testimony of the prosecuting witness, H. A. Roberts, is to the effect that the defendant appeared at the American Railway Express Co. office in Ironton, Ohio, to receive a shipment of merchandise on which there was a charge of $177.09; that the defendant advised Roberts, the agent, that he did not have sufficient funds on deposit to pay the check, but that if Roberts would permit him to take one parcel and deliver it to the purchaser, he would then have sufficient funds to deposit to meet the check. Upon these conditions the defendant delivered the check to the agent of the express company and a short time later came back and received the remainder of the merchandise. Later in the day the agent presented the check to the bank for payment and payment was refused for want of sufficient funds." *Id.*

The trial judge in the *Vice* case, in a well-reasoned opinion, held that there could simply be no fraudulent intent where the payee knew at the time that the check was not good, citing numerous cases in their jurisdictions, and the case of *Koenig* v. *State* (1929), 121 Ohio St. 147 (a case not directly on point, as another statute was involved). See, also, 28 Ohio Jurisprudence 3d 637.

A later case, *State* v. *Creachbaum* (1970), 24 Ohio App. 2d 31, 37 [53 O.O.2d 117], stated as follows:

"It is universally held that where, as here, at the time a check is drawn or delivered to him, the payee has knowledge, or an understanding that it is not then good or collectible, no offense has been committed. This is so because there is then no false representation that the check is good, which is a necessary element of the offense. Intent to defraud is an essential element of the offense covered by R.C. 1115.23. It is the false representation of a past or existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive and does in fact deceive and by means of which one person obtains value from another without compensation. There is no deception on the part of the drawer when the payee knows that there are not sufficient funds in the bank upon which the check is drawn."

The court in *Creachbaum* also stated that "[t]here is a sharp line between a bona fide intent to meet a check with presently available funds and an intent to meet it with funds to be derived from an expected event or transaction." *Id.* at 38.

Of course, this court does not even reach the question of whether the check was for a pre-existing debt, which it seems to have been, *i.e.,* for funeral expenses.

It is clear that there is no disputed issue of fact, and the prosecution has proved that an offense has not been committed.

The defendant is found not guilty and is hereby discharged.

*Defendant not guilty.*