THE STATE OF OHIO *v.* RUDD.

(No. C 88 CRB 24526—Decided December 27, 1988.)

Hamilton County Municipal Court.

*Wallace R. Holzman, Jr.,* assistant prosecuting attorney, for the state.
*Mary Lou Marks,* for defendant.

MARK P. PAINTER, J. The facts of this case are not in dispute, and have been stipulated by the parties.

In January 1987, defendant, Fonda Rudd, purchased some furniture from Economy Furniture Company of Cincinnati ("Economy Furniture"). A time-payment account was opened, with an original balance of $976.22. Subsequently, defendant made payments against the account up to May 1988 when she issued a check to Economy Furniture drawn on her account at the Central Trust Company in the sum of $50. At that time the balance due on the account was $408.50. The check was returned "insufficient funds," and evidently remains unpaid to this date. Thereafter, a complaint was filed charging defendant with a violation of R.C. 2913.11(A), passing bad checks, which states: "No person, *with purpose to defraud,* shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored." (Emphasis added.)

There is no question that defendant issued a check. Though there may be some question as to whether defendant knew that it would be dishonored, the court does not need to reach that issue. See R.C. 2913.11(B)(2) for the presumption that the defendant "knew" it would be dishonored. This court specifically expresses no opinion on the validity of the presumption stated therein, since it would not be necessary in deciding this case.

This case, rather, turns on the issue of whether or not defendant could have had a "purpose to defraud."

R.C. 2913.01(B) defines "defraud" as follows: " 'Defraud' means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some

1

detriment to another." The question thus presented is whether, in a criminal prosecution, a defendant can be guilty of violating R.C. 2913.11 where the check is given solely in payment on account on an antecedent debt. The answer is no.

Where a check, subsequently found to be worthless, is tendered for the payment of an antecedent or pre-existing debt, the creditor is not defrauded, since the debt still remains and the creditor is not fraudulently induced to part with property in reliance upon the check's value.

Strangely enough, "there was no liability at common law for the specific act of making and delivering a worthless check." *State* v. *Stout* (1956), 142 W. Va. 182, 185, 95 S.E. 2d 639, 641, 59 A.L.R. 2d 1154, 1157. Here, of course, we are only concerned with the construction of the Ohio statute. There are no common-law crimes in Ohio, R.C. 2901.03(A), and all criminal statutes must be strictly construed in favor of the defendant and against the state, R.C. 2901.04(A).

The payment of a past-due account by means of a worthless check, without more, cannot amount to a criminal offense under R.C. 2913.11. A case could possibly be posited, *e.g.,* where the defendant, in representing a check to be presently good, obtains additional goods or an extension of credit. In such a case, it might be possible that the check, albeit partly in payment of pre-existing debt, but also issued to induce the creditor to part with additional merchandise, might be a violation of the bad-check statute; however, the check would only partly be in payment of an antecedent debt. A strange situation occurred in *State* v. *Robinson* (C.P. 1969), 20 Ohio Misc. 262, 49 O.O. 2d 463, 254 N.E. 2d 56. In *Robinson,* the defendant issued a check in payment of a past debt and received change ($45 to $50) from the check.

Under the statute then in force (not our present R.C. 2913.11), the conviction for issuing a "bad check" over $60 would be a felony. The court found that the value in question was only the value of the new consideration, not the past debt. However, here there is no such allegation, and the defendant simply sent in a check as payment on an existing account.

The record is therefore devoid of *any* evidence of intent to defraud, an essential element of R.C. 2913.11. The case *sub judice* is only one of many instances where the giving of a "bad check" does not violate the criminal law. See, *e.g., State* v. *Harris* (M.C. 1982), 7 Ohio Misc. 2d 43, 7 OBR 307, 455 N.E. 2d 539 (wherein the drawee of the check knew at the time of delivery that the check was not good, thus rendering the check a mere promise to pay); *State* v. *Creachbaum* (1971), 28 Ohio St. 2d 116, 57 O.O. 2d 298, 276 N.E. 2d 240 (same).

The cases that hold that the tender of a worthless check to pay an antecedent debt, without more, cannot be a criminal offense are myriad. See, *e.g., State* v. *Stout, supra; State* v. *Campbell* (1975), 97 Idaho 331, 543 P. 2d 1171. A majority of state courts have held that where intent to defraud is an element of the offense, the payment of an antecedent debt with a worthless check cannot be a violation of the statute. See Annotation, Construction and Effect of "Bad Check" Statute with Respect to Check in Payment of Pre-existing Debt (1958), 59 A.L.R. 2d 1159.

Of course, the various state statutes are of many types, some containing presumptions (some constitutional, some not), and some requiring that "something of value" be obtained in exchange for the check, but most requiring, as does the Ohio statute, the element of intent to defraud. A rehash of dozens of state decisions concerning

unanalogous statutes would not be appropriate or desirable, but the court has examined many such decisions and believes that the synthesis of the law, and common sense, is that, as stated in *State* v. *Newsom* (Tenn. Crim. App. 1984), 684 S.W. 2d 647, 649, "if the worthless check is given in payment of a preexisting debt, nothing else appearing, there is no fraudulent intent."

A few cases are seemingly to the contrary, albeit one in Ohio, *State* v. *Lowenstein* (1924), 109 Ohio St. 393, 142 N.E. 897. *Lowenstein* was decided under a statute which provided that intent to defraud could be *presumed* from the tendering of the insufficient check. *Lowenstein* held that it was error to direct a verdict on opening statement when the prosecuting attorney admitted that the check was given for an antecedent debt. However, *Lowenstein* (1) did not reach the issue here, and (2) held only that the prosecution would have the right to prove facts that could take it out of the situation in this case. Additionally, the statute now in effect, R.C. 2913.11, is totally different from the prior statute in *Lowenstein* and does not include the *presumption of intent to defraud,* probably because such a presumption would be blatantly unconstitutional (an issue not addressed in *Lowenstein*). See *Lowery* v. *Boaz* (Ala. Crim. App. 1981), 393 So. 2d 534; *State* v. *Campbell, supra.* This court holds that the *Lowenstein* case and any of its progeny, decided under an unanalogous statute, are no longer valid.

There is no question but that under the present R.C. 2913.11 the payment of a preexisting debt by a bogus check, without more, is not a crime, and the defendant must be acquitted.

*Defendant discharged.*