The STATE of Ohio, Appellee,

v.

HEDRICK, Appellant.

[Cite as *State v. Hedrick* (1994), 92 Ohio App.3d 618.]

Court of Appeals of Ohio,
Greene County.

No. 93–CA–9.

Decided Jan. 19, 1994.

*Robert K. Hendrix,* Greene County Assistant Prosecuting Attorney, for appellee.

*James E. Fox,* for appellant.

FREDERICK N. YOUNG, Judge.

Kimberly J. Hedrick ("appellant") is appealing from a conviction of one count of passing a bad check in violation of R.C. 2913.11(A), a felony of the fourth degree.

The facts in this case are not in dispute. On September 13, 1991, in Greene County, Ohio, the appellant wrote a check to a realty company in payment of past due rent for the months of August and September 1991. The check was returned by the bank marked "insufficient funds." The check was in the amount of $700 and the appellant never made it good. Appellant was indicted on May 22, 1992. She initially entered a plea of not guilty.

On October 26, 1992, appellant's appointed counsel filed a motion to dismiss upon the same grounds that are presented to this court in this appeal. The state filed a memorandum contra appellant's motion, and on November 5, 1992, the trial court overruled appellant's motion. The appellant then entered a plea of no contest and was found guilty as charged. The sentence of one year was suspended and the appellant was placed on probation and subsequently filed a timely notice of appeal. During her plea hearing, the appellant clearly admitted all the facts that were in the indictment.

The appellant brings to this court the same issue it presented to the trial court, that is, "whether the payment of a past due account by means of a worthless check, without more, constitutes a criminal offense under Revised Code Section 2913.11." Brief of appellant, at 2.

This issue was decided by the trial court, the Honorable Thomas M. Rose, as follows:

"The basis underlying Defendant's Motion to Dismiss is that under *State v. Rudd,* 55 Ohio Misc.2d 1 [562 N.E.2d 955] (Hamilton Co., 1988), payment of a

past due account by means of a worthless check, without more, does not constitute a criminal offense under Section 2913.11 of the Ohio Revised Code. Defendant was charged with writing a bad check to cover a past due rent obligation. Therefore, Defendant argues that under *State v. Rudd,* Defendant's actions do not constitute a criminal offense. *Id.*

"Alternatively, in *State v. Doane,* the Court of Appeals for the Eleventh District found that a person can be charged with Passing Bad Checks, under R.C. 2913.11, even if those checks are written to cover a pre-existing debt. 69 Ohio App.3d 638 [591 N.E.2d 735] (1990). The Court relied on an earlier decision by the Ohio Supreme Court, *State v. Lowenstein,* 109 Ohio St. 393 [142 N.E. 897] (1924), in which 'fraud' was defined as 'deception deliberately practiced with a view to gaining an unlawful or unfair advantage.' *Id.* [69 Ohio App.3d] at 650 [591 N.E.2d at 744]. Under this definition the Court in *Lowenstein* found that purely financial damage was not a prerequisite for a finding of fraud. 109 Ohio St. at 400 [142 N.E. at 898]. If the person writing the check gains any type of advantage as a result of his/her actions there has been fraud. *Id.* at 400 [142 N.E. at 898].

"The Court in *Doane* compared the use of the word 'fraud' under the analysis in *Lowenstein* with the term 'defraud' as defined in R.C. 2913.01(B): 'Defraud means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception some detriment to another.' 69 Ohio App.3d at 650 [591 N.E.2d at 744]. The Court found that for the purposes of interpreting R.C. 2913.11, passing bad checks, there is no distinction between the terms 'advantage', as used in the Court's analysis in *Lowenstein,* and 'benefit' under R.C. 2913.01(B). *Id.* The Court in *Doane* then found that the *Lowenstein* precedent is still binding, and that a check given for a pre-existing debt can be the basis of a violation of the statutory prohibition. *Id.*

"Therefore, under *State v. Doane,* the Defendant's actions do constitute an actionable offense under R.C. 2913.11." Judgment Entry, at 1–2.

The issue appears to be one of first impression in this appellate district.

The offense of passing bad checks is set forth in R.C. 2913.11, in pertinent part, as follows:

"(A) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored.

"(B) For purposes of this section, a person who issues or transfers a check or other negotiable instrument is presumed to know that it will be dishonored, if either of the following occurs:

"(1) The drawer had no account with the drawee at the time of issue or the stated date, whichever is later;

"(2) The check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor.

" * * *

"(D) Whoever violates this section is guilty of passing bad checks. If the check or other negotiable instrument is for the payment of less than three hundred dollars, passing a bad check is a misdemeanor of the first degree. If the check or other negotiable instrument is for payment of three hundred dollars or more and is for the payment of less than five thousand dollars, or if the offender previously has been convicted of a theft offense, passing bad checks is a felony of the fourth degree."

The term "defraud" is defined in R.C. 2913.01(B) as to "knowingly obtain, by deception, some benefit for one's self or another, or to knowingly cause, by deception, some detriment to another."

The Hamilton County Municipal Court held in the *Rudd* case that the defendant there could not have had a "purpose to defraud," since the check was presented as payment on an antecedent debt. The court reasoned that:

"Where a check, subsequently found to be worthless, is tendered for the payment of an antecedent or pre-existing debt, the creditor is not defrauded, since the debt still remains and the creditor is not fraudulently induced to part with property in reliance upon the check's value." *Id.*, 55 Ohio Misc.2d at 2, 562 N.E.2d at 956.

The municipal court in *Rudd* noted that it was joining the majority view on the issue, and it is true that a bare majority (ten) of courts of other states which have taken up the issue have ruled that if a worthless check is given in presumed payment of a pre-existing debt, nothing else appearing, there can be no fraudulent intent. See Annotation, Construction and Effect of "Bad Check" Statute With Respect to Check in Payment of Pre-existing Debt (1958), 59 A.L.R.2d 1159. Courts in seven other states, including California and New York, plus the District of Columbia, have held the other way. New Jersey and Georgia courts have gone both ways.

The only Ohio Supreme Court decision on the issue is *State v. Lowenstein* (1924), 109 Ohio St. 393, 142 N.E. 897, which held that the mere fact that a worthless check is given for a past consideration does not, *ipso facto*, relieve the passer of the bad check from the criminal charge provided by the statute. This

holding of *Lowenstein* was recognized as the law in Ohio by the Court of Appeals for Franklin County in *Gutridge v. State* (1930), 37 Ohio App. 1, 173 N.E. 447.

The municipal court in *Rudd* argued that *Lowenstein* is not controlling, since the Supreme Court "(1) did not reach the issue here, and (2) held only that the prosecution would have the right to prove facts that could take it out of the situation in this case. Additionally, the statute now in effect, R.C. 2913.11, is totally different from the prior statute in *Lowenstein* and does not include the *presumption of intent to defraud*, probably because such a presumption would be blatantly unconstitutional (an issue not addressed in *Lowenstein* )." (Emphasis sic.) *Rudd, supra,* 55 Ohio Misc.2d at 3, 562 N.E.2d at 957.

*Rudd* was decided on December 27, 1988, but, according to appellant, was not published until November 1990. Appellant's brief at 3. In the interim, however, the exact same issue was taken up by the Court of Appeals for Trumbull County in *State v. Doane* (1990), 69 Ohio App.3d 638, 591 N.E.2d 735, where the court held on October 1, 1990, that the presentment of a bad check to pay a pre-existing debt can indeed be a felony of the fourth degree under R.C. 2913.11. While the court there was apparently unaware of the *Rudd* decision, it did cite and rely on the Supreme Court's Decision in *Lowenstein* where:

" * * * the Ohio Supreme Court held that a prima facie violation of the applicable statute had been alleged when the prosecuting attorney stated during his opening argument that the bad check had been given for a past consideration. At that time, the applicable statute provided that a felony had been committed if a person, with intent to defraud, drew a check when insufficient funds were on deposit.

"Interpreting this statute, the *Lowenstein* court quoted Webster's definition of fraud: ' "Fraud" is a "deception deliberately practiced with a view to gaining an unlawful or unfair advantage." ' *Id.* at 400, 142 N.E. at 898. Pursuant to this definition, the court concluded that *financial* damage was not a prerequisite for a finding of fraud. Instead, it was sufficient if the person issuing the check gained some type of advantage as a result of his actions:

" 'When in payment of a past consideration a man gives a check, if he gives the check knowing that he had not funds on deposit to cover it, why does he so act? He so acts because he expects to gain an advantage. He expects perhaps to deceive persons who are pressing for payment; he expects them to think that he had paid the old debt when he has not paid." *Id.* at 401, 142 N.E. at 899.

"In the modern Revised Code, the term 'defraud' is defined in R.C. 2913.01:

" '(B) "Defraud" means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception some detriment to another.'

"For the purposes of interpreting R.C. 2913.11, passing bad checks, this court fails to see any distinction between the terms 'advantage' and 'benefit.' In this regard, it should be noted that the present definition does not require that something of value be obtained as a result of the deception. Thus, this court holds that the *Lowenstein* precedent is still binding, and that a check given for a pre-existing debt can be the basis of a violation of the statutory prohibition." *Id.*, 69 Ohio App.3d at 650, 591 N.E.2d at 743–744.

Two years later, the Court of Appeals for Lucas County followed the *Doane* decision and agreed with its holding that a check given for an antecedent or a pre-existing debt can be the basis for a violation of R.C. 2913.11, but then, curiously, turned the decision on its head by stating that the appellant in that case had not been proven to have had a purpose to defraud, since he still owed the money and the payee "has suffered no detriment as she may bring an ordinary civil proceeding or contempt proceedings against appellant." *State v. Durbin* (1992), 83 Ohio App.3d 156, 161, 614 N.E.2d 799, 802.

We believe, along with our brethren in the Eleventh District (*Doane, supra*) that the decision and reasoning of the Ohio Supreme Court in *Lowenstein* are still valid, and we expressly disagree with the decision of the Hamilton County Municipal Court in *Rudd,* which held otherwise. The Hamilton County Municipal Court in *Rudd* mistakenly stated that the Supreme Court in *Lowenstein* did not reach the issue before the municipal court in *Rudd.* It certainly did. The question before the court in *Rudd* was whether the defendant can be found guilty of violating the statute where the check is presented solely in payment on account of an antecedent debt, and the Supreme Court in *Lowenstein* expressly held that even if the check is given in presumed payment on account of an antecedent debt the element of fraud is still present and the defendant can indeed be held guilty under such circumstances.

The Supreme Court in *Lowenstein* noted that if it adopted the appellant's view in the present case:

" * * * we should have to hold that where a man issues a false check in payment of a debt past due, knowing that he has no money in the bank, or insufficient credit, and immediately absconds from the jurisdiction in order to avoid service, he has committed no fraud because the check was issued in payment of a past-due obligation. This proposition states its own absurdity.

"The crime of uttering a check to defraud is not the crime of false pretense; it is a new and distinct crime. It was created by the statute to meet a situation different from that covered by the law against obtaining under false pretenses.

"It was the evident purpose of this statute to prevent the negotiation of false checks drawn on accounts which did not exist, or were insufficient to pay the

checks drawn. It was meant, for example, to protect hotel keepers from receiving 'cold checks' in payment of obligations incurred for lodging, many of which are past due. It was enacted to protect business men all over the state, to protect commercial life; about 90 per cent. of the commercial work of the world being done on credit. In order to protect the credit intercourse of the community this statute was enacted creating a new crime and providing new and distinct rules of evidence." *Id.*, 109 Ohio St. at 401–402, 142 N.E. at 899.

■ The appellant argues that she did not receive anything of value for her worthless check and gained nothing in return for writing it. The elements of the crime, however, do not require the passer of the bad check to receive a material or financial benefit, but only "some benefit." As the appellee notes in its brief at 9:

"In a case such as this, where a bad check is written for a past due rent obligation, the issuer of the check does receive a benefit from the issuing of that check. First, she avoids harassment of the creditor, at least for a little while. Secondly, she avoids eviction proceedings, at least for a little while. Therefore, the element of intent to defraud is shown in this case by the Defendant's expectation of some benefit."

Finally, where is it written that the exchange of the worthless check for an item of value—real or personal property, occupation of premises, labor, etc.—has to be *simultaneous* ? In a purchase on credit the seller has been induced to part with his merchandise, hotel room, or whatever, in reliance on the value of the purchaser's credit. If that credit subsequently proves worthless when a bad check is tendered in payment, has not the creditor been defrauded of his reasonable expectation of timely payment? Of course he has. To find otherwise is to defy common sense.

The Supreme Court noted in *Lowenstein* that even in 1924, "about 90 per cent. of the commercial work of the world [is] being done on credit" (*Lowenstein,* 109 Ohio St. at 402, 142 N.E. at 899), and the statute in question was enacted to "protect commercial life" (*id.*). Even more so today than in 1924, credit makes the world go around. It would be astonishing indeed to the general public if it learned that one could go down to the friendly department store, purchase goods using that store's own credit card, and subsequently issue a worthless check in presumed payment of the debt without being subject to a criminal proceeding.

We expressly accept and adopt the reasoning of the Supreme Court in *Lowenstein,* as recently reaffirmed by the Court of Appeals for Trumbull County in *Doane,* which was succinctly set forth by Judge Thomas M. Rose in that

portion of his entry quoted heretofore, and we expressly reject the holding of the Hamilton County Municipal Court in *Rudd.*

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.