**The STATE of Ohio, Plaintiff,**

v.

**TAYLOR, Defendant.**

2005-Ohio-7141.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2004 CR 587.

Decided Aug. 24, 2005.

Donald White, Clermont County Prosecuting Attorney, and Jason Nagel, Assistant Prosecuting Attorney, for plaintiff.

Gary Knepp, for defendant.

---

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court on the motion of defendant to dismiss filed on July 1, 2005. A hearing was held on August 3, 2005. The court has taken the matter under advisement and hereby decides the motion as follows.

{¶ 2} Defendant is charged with grand theft for events occurring from November 2003 to February 2004. The state alleges that defendant, while house sitting at the home of Melanie Morrison in New Richmond, Clermont County, Ohio, removed 84 trees and other pieces of property with an aggregate value of more than $5,000. He was indicted on August 11, 2004, for violation of R.C. 2913.02(A)(1).

{¶ 3} Defendant argues that the charge should be dismissed because the complaining witness, Melanie Morrison, has availed herself of a civil remedy. It appears from defendant's motion that Morrison has been reimbursed for her loss by her insurer. It further appears that her insurer has filed a subrogation claim against defendant to recoup that payment. According to defendant, the pursuit of this civil remedy precludes criminal prosecution for the same conduct.

{¶ 4} Defendant provides no citation to authority supporting the assertion that a crime victim's prosecution of a civil action against the offender precludes criminal prosecution by the state for the same conduct. The court will address two theories that could arguably support this contention.

{¶ 5} First, in the criminal context, the Fifth Amendment's Double Jeopardy Clause precludes successive prosecutions and successive punishments for the same criminal offense. *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556, citing *North Carolina v. Pearce* (1996), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. In the civil context, the doctrine of res

judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of a previous action decided on the merits. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, at syllabus. However, res judicata applies only as a bar to subsequent actions between the parties to the original action or those in privity with them. *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 247, 730 N.E.2d 958.

{¶ 6} Obviously, neither the protection afforded criminal defendants by the double jeopardy clause nor the related protection afforded civil litigants by the doctrine of res judicata is implicated in the instant case. The state has initiated only one criminal action against defendant, and it is not a party to the civil action pending against him. Defendant has not made any showing that the parties making claims against him are in privity. Therefore, neither of these doctrines bars the state's criminal prosecution.

{¶ 7} The court has located another line of cases that arguably support defendant's motion. In at least four cases in the Hamilton County Municipal Court, then Municipal Court Judge Painter dismissed criminal charges when he found that the offenses alleged were civil, rather than criminal, in nature. See *State v. Rudd,* (1988), 55 Ohio Misc.2d 1, 562 N.E.2d 955; *State v. Glenn* (1990), 56 Ohio Misc.2d 1, 564 N.E.2d 1149; *State v. Cote* (1991), 62 Ohio Misc.2d 202, 594 N.E.2d 198; *State v. Howell* (1994), 64 Ohio Misc.2d 23, 639 N.E.2d 531.

{¶ 8} Two of these cases were before the court for determination of probable cause. The other two were criminal trials to the court. In each case, the court found that the state had failed to establish the intent element of the crime charged, and in each, the defendant was discharged.

{¶ 9} Because the court was sitting as a trier of fact in each case, it was incumbent upon it to determine whether the state had produced sufficient evidence of intent to meet the applicable burden of proof. The court's conclusion that a civil rather than a criminal action was the appropriate course was based on its conclusion in each case that the state had failed to meet its burden on the intent element. It appears from this court's reading of these cases that they were based on the following passage: "It is the 'evil' state of mind of the act that normally distinguishes criminal acts (punishable by the state alone) from the mere civil wrongs (actionable by private individuals against one another)." *State v. Glenn* (1990), 56 Ohio Misc.2d 1, 4–5, 564 N.E.2d 1149, quoting *Louisiana v. McCray* (La.App.1987), 517 So.2d 474, 477.

{¶ 10} No such determination of the sufficiency of the evidence is necessary in the case at bar. The grand jury has returned an indictment establishing probable cause. A jury, or this court, will later determine whether the state has proven each element of the crime beyond a reasonable doubt.

{¶ 11} It should also be noted that the cited cases do not address the situation at hand, in which a civil case is filed before or concurrently with a criminal prosecution. The court never stated that a civil action would bar a later criminal charge. Instead, the cases suggest that, based on the evidence, a civil action is the more appropriate course.

{¶ 12} The court's research has not uncovered any other support for defendant's motion. With respect to the issue raised by defendant, the court agrees with this statement of the Second District Court of Appeals: "When a crime also constitutes a private wrong, the right of the injured individual to bring a civil action to recover damages and the right of the State to prosecute and impose punishment for the crime are separate and independent remedies. Accordingly, the pendency or enforcement of, or the recovery in, one action may not be interposed as a defense in the other action." *Englewood v. Cecrle* (1985), 22 Ohio App.3d 151, 152, 22 OBR 392, 489 N.E.2d 1320, quoting 1 Wharton's Criminal Law (14th Ed.1978) 225, Civil or Criminal Action Pending, Section 44.

Conclusion

{¶ 13} For the reasons set forth above, the motion of the defendant is denied.

Motion denied.