### UNITED STATES v. PEARCE.

Second Division. Nome. August 23, 1924.

No. 1117–C.

**1. False Pretenses ⊛⇒26—Indictment and Information—Obtaining Goods by False Pretenses.**

The defendant was indicted for obtaining goods by false pretenses, and the indictment charged "that in order to obtain said goods, wares, and merchandise the said Edw. E. Pearce did, on or about the 28th day of May, 1923, at Candle, Alaska, aforesaid, represent, tell, and falsely pretend to the said Hilkey Robinson, a member of said mercantile copartnership as aforesaid, that he,

⊛⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the said Edw. E. Pearce, had sufficient funds on deposit in the name of the Alaska Dredge Association, with the Miners' & Merchants' Bank of Alaska, a corporation, * * * to pay for *all goods*, wares, and merchandise that he, the said Edw. E. Pearce, *might*, during the mining season of 1923, purchase and obtain from the said mercantile copartnership," etc.; that relying on these pretenses the copartnership delivered the goods, whereupon the defendant made, executed, and delivered a check to the merchants, as payment for said goods, as follows:

"Nome, Alaska, Nov. 13, 1923. No. 0226. Miners' & Merchants' Bank of Alaska: Pay to Robinson & Greenberg, or order, $443.45, four hundred forty-three 45/100 dollars.

"Alaska Dredge Association.

"Alaska Dredge Association,

"By Edw. E. Pearce, Vice President."

On demurrer to the indictment, *held*, the indictment does not contain any negation to the indefinite and unliquidated amount of the deposit on May 28, 1923; the knowledge alleged relates to representations regarding future events, or an implied *promise* that "sufficient funds" would remain on deposit to pay for all goods that *defendant* "might *purchase and obtain* during the 1923 mining season"; there is no allegation that goods were in fact purchased by defendant at any time; the "mining season" is not described with certainty, nor is it alleged that the check has not been paid; the indictment does not state facts constituting a crime.

**2. False Pretenses ⬅7(3, 5)—Criminal Law—Obtaining Goods by False Pretenses.**

False pretenses, to sustain an indictment, must be of some past or present fact, and not of something to happen in the future. Nor is an opinion or promise, express or implied, a sufficient representation on which to base a false pretense within the statute.

**3. False Pretenses ⬅6—Indictment and Information—Bills and Notes—Obtaining Goods by False Pretenses.**

The vice president of a corporation bought goods for the company and gave the company's check, signed by himself as vice president of the company, in payment. The check shows on its face that it was not the check of the defendant, and no representation regarding it is shown; being delivered after the delivery of the goods it could not, of itself, constitute a false token. The goods were not obtained, so far as shown, on the strength of, or on the faith of, the check. *Held*, the demurrer to the indictment was sustained.

**4. Indictment and Information ⬅125(3).**

The indictment contains but one count, while two offenses are *partially* stated. The charging clause in the indictment relates to goods obtained on May 28th, to obtain which *alone* any

representations are alleged to have been made. The statement of particulars constituting the offense relates to *other goods* furnished and obtained at times long subsequent to the alleged representations, and not contemplated or referred to in the charging part of the indictment. *Held*, demurrer sustained to the indictment.

Fred Harrison, U. S. Atty., of Nome.
Geo. D. Schofield, of Nome, for defendant.

LOMEN, District Judge. The statute under which the indictment was brought, section 1934, Compiled Laws of Alaska, provides:

"That if any person shall, by any false pretenses or by any privy or false token, and with intent to defraud, obtain, or attempt to obtain, from any other person any money or property whatever, * * * such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than five years."

So far as it is necessary to be shown herein, the indictment charges that:

"The said Edw. E. Pearce, on the 28th day of May, 1923, did wrongfully, unlawfully, and feloniously, by false pretenses and with intent to defraud Robinson & Greenberg, a mercantile copartnership, consisting of Hilkey Robinson and Herbert Greenberg, at that time, for a long time prior thereto, and up to the present time, doing business at Candle, Alaska, obtain from the said mercantile copartnership, Robinson & Greenberg, goods, wares, and merchandise of the value of four hundred forty-three and 45/100 dollars ($443.45) ; that in order to obtain *said* goods, wares, and merchandise the said Edw. E. Pearce did on or about the 28th day of May, 1923, at Candle, Alaska, aforesaid, represent, tell, and falsely pretend to the said Hilkey Robinson, a member of said mercantile copartnership as aforesaid, that he, the said Edw. E. Pearce, had sufficient funds on deposit, in the name of the Alaska Dredge Association, with the Miners' & Merchants' Bank of Alaska, a corporation doing a general banking business at Nome, Alaska, and engaged in such banking business during all the time hereinbefore and hereinafter mentioned, to pay for *all goods*, wares, and merchandise that he, the said Edw. E. Pearce, *might* during the mining season of 1923 purchase and obtain from the said mercantile copartnership of Robinson & Greenberg, and that the said Miners' & Merchants' Bank of Alaska, aforesaid, would pay and honor all checks which he, the said Edw. E. Pearce, might draw or issue against said bank, signed by him, the said Edw. E. Pearce, as vice president of the said Alaska Dredge Association ; that the said mercantile copartnership, Robinson & Greenberg, relying on the pretenses aforesaid, made as aforesaid by the said Edw. E. Pearce, did between the 3d day of October, 1923, and the 9th day of November, 1923, and

during the 1923 mining season as aforesaid, deliver to the said Edw. E. Pearce, at the special instance and request of Edw. E. Pearce, the following described personal property, to wit: (Here follows description of property)—which said personal property was then and there of the value of four hundred and forty-three and 45/100 dollars ($443.45), lawful money of the United States, all of which said property was *then* and *there* the *personal property* of Robinson & Greenberg as aforesaid, and after the receipt of said property as aforesaid by the said Edw. E. Pearce, the said Edw. E. Pearce made, executed, and delivered a check to the said Robinson & Greenberg, as payment for said personal property, which said check is in words and figures as follows:

"'Nome, Alaska, Nov. 13, 1923.   No. 0226.   Miners' & Merchants' Bank of Alaska:   Pay to Robinson & Greenberg, or order, $443.45, four hundred forty-three 45/100 dollars.'

"'Alaska Dredge Association.

"'Alaska Dredge Association,

"'By Edw. E. Pearce, Vice President.'

"Whereas, in truth and in fact, the said Edw. E. Pearce did not on the 13th day of November, 1923, or at the time he received the personal property hereinbefore mentioned, or at any time thereafter, have the sum of four hundred forty-three, and 45/100 dollars ($443.45), on deposit with the Miners' & Merchants' Bank of Alaska, in the name of the Alaska Dredge Association, or otherwise, *all of which* the said Edw. E. Pearce then and there well knew.   *   *   *"

The demurrer specifies as the ground of objection to the indictment:

I. That the facts stated in the indictment do not constitute a crime.   Four reasons are given as follows:

(1) The alleged false pretenses pleaded in the indictment are alleged to have been expressed orally, wholly unaccompanied by a false token or writing, and no note or memorandum thereof was in writing subscribed by, or in the handwriting of, the defendant Edw. E. Pearce.

(2) The indictment does not allege that the defendant Edward E. Pearce made said alleged pretenses with knowledge of their falsity.

(3) The indictment shows upon its face that the alleged false pretenses did not relate to a past event, or a fact having a present existence, but related, if at all, to something to happen in the future, and were wholly unaccompanied by any false token or writing.

(4) The indictment shows upon its face that the said defendant, Edw. E. Pearce, did not draw or issue against Miners' & Merchants' Bank, signed by him, the said Edw. E. Pearce, as vice president of Alaska Dredge Association, any check or checks whatever, but, on the contrary, shows upon its face that Alaska Dredge Association issued its check by Edw. E. Pearce, vice president, to said Robinson & Greenberg in payment of an antecedent debt owing by Alaska Dredge Association to said Robinson & Greenberg, and that defendant Edw. E.

Pearce at all times disclosed his principal, and acted only as agent of Alaska Dredge Association.

Other "reasons" were urged upon argument, and additional reasons for sustaining the demurrer on the ground specified appear on the face of the indictment.

As to the first of the reasons stated in the demurrer, this is a matter that might be taken advantage of on the trial, and relates to the evidence only. It is not a reason or ground for demurrer. See section 2263, Compiled Statutes.

The second "reason" seems to be well and properly urged. There is no negation as to the indefinite and unliquidated amount of the deposit on May 28, 1923, which seems to have been an opinion merely and the scienter or knowledge alleged relates to representations regarding future events, or an implied *promise* that "sufficient funds" would remain on deposit to pay for all goods that *defendant* "might *purchase and obtain* during the 1923 mining season." There is no allegation that goods were in fact purchased by defendant at any time. The allegation that goods were delivered to him at his instance and request, and the execution and delivery of a check, not his own, in payment, would hardly constitute a purchase. There is no allegation as to what constituted the "mining season" of 1923, nor that the dates of the delivery of the goods specified were within the mining season aforesaid, although the words "and during the mining season" follow said dates in the indictment. Nor is it alleged that the check given in payment has not been paid.

As to the third "reason" stated in the demurrer, it will be observed that the alleged false pretenses which were negatived relate to future events, and were, at best, implied promises. False pretenses must be of some past or present fact, and not of something to happen in the future. Nor is an opinion or promise, express or implied, a sufficient representation on which to base a false pretense within the statute.

As to the fourth "reason," the check shows on its face that it was not the check of defendant, and no representation regarding it is shown. Being delivered after the delivery of the goods, it could not, in itself, constitute a false token. The goods were not obtained, so far as shown, on the strength of, or on the faith of, the check.

Besides the objections urged above, the indictment contains but one count, while two offenses are *partially* stated. The charging clause relates to goods obtained on May 28th, to obtain which *alone* any representations are alleged to have been made. The statement of particulars constituting the offense relates to *other goods* furnished and obtained at times long subsequent to the alleged representations, and not contemplated or referred to in the charging part of the indictment.

The representation that the Miners' & Merchants' Bank would pay and honor all checks signed by defendant as vice president of the Alaska Dredge Association was a mere promise as to a future event, and the goods, if purchased and obtained by defendant individually, could not be expected to be paid for by the association. If the goods were purchased and obtained by the association, it is not so stated in the indictment. No false pretenses inducing a sale to the association are alleged. No conceivable reason can be given why goods purchased and obtained by defendant personally should be paid for by the association, its check given, or honored, and representations implying that this would be done would amount to promises only.

There is no negation of the alleged representation that defendant had on deposit sufficient funds on May 28th. It is the only fact that related to the time of the alleged representations, and this may have been an opinion merely as the term "sufficient funds" depended on future considerations. The negation that defendant did not thereafter have $443.45 on deposit was not a negation of any representation made. Nor did such negation imply that defendant had no account in the bank, and did not have on deposit an amount nearly, if not quite, equal to said amount. The negation was a negative pregnant.

In view of the foregoing objections to the indictment, we deem it unnecessary to point out others, which a more critical examination might disclose.

The demurrer is allowed and sustained. The court, however, is of the opinion that the objections on which the demurrer is allowed might be avoided in a new indictment, and therefore directs that this case be resubmitted to the grand jury called to convene September 8, 1924. ·

The court, in resubmitting this case to the grand jury, would call attention to chapter 39, Session Laws of 1913, and sug-

gest that the cases now pending against the defendant might be consolidated by including the offenses, if any, in one indictment, but in separate counts.