**STATE of Tennessee, Appellee,**

v.

**Larry D. NEWSOM, Appellant.**

Court of Criminal Appeals of Tennessee, White County, Nashville.

April 4, 1984.

Permission to Appeal Denied by Supreme Court June 18, 1984.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, John C. Knowles, Asst. Dist. Atty. Gen., Sparta, for appellee.

John W. Price, Dyersburg, for appellant.

## OPINION

JOHN D. TEMPLETON, Special Judge.

In a bench trial Larry D. Newsom was convicted of making and delivering a bad check, T.C.A. 39–3–301, in the amount of $1,000 and sentenced to a term of three years. On appeal he submits the facts fail to show the essential element of intent to defraud because (1) the check was given for payment on a preexisting debt and (2) the prosecutor had notice the check was bad because it was issued and delivered in a continuing business transaction in which appellant gave the prosecutor two other bad checks. We conclude the proof shows fraudulent intent and affirm the judgment.

The state's proof showed that Bob Sparkman was in the business of distributing tanning lotions and related products in Tennessee. Commencing May 11, 1979 and running through June 21, 1979 Sparkman sold products to appellant in the amount of $6,389.80 on which appellant paid $870.04 leaving a balance of $5,519.76. Appellant had given Sparkman a check for one invoice on May 11, 1979 for $1689.60 but had told Sparkman to hold the check which he did. He presented the check in August 1979, after the events out of which the prosecution arose, and the check was dishonored. No prosecution on this check occurred because it was given to be held by Sparkman in the first place.

On July 10, 1979 appellant bought more merchandise from Sparkman for $986.40 which was added to appellant's account. At the same time he received the merchandise he gave Sparkman two checks for $1,000 each for application on the preexisting debt. Sparkman would not have parted with the additional goods without receiving the checks.

One of the checks was dated about a week ahead because appellant represented he would not have enough money on deposit to take care of it until that time. Sparkman was to negotiate the check after its date. It appears he did present the check later as agreed but it came back unpaid. No prosecution occurred on this check.

The other check was dated July 10, 1979, the date the goods were delivered. Sparkman negotiated the check immediately and it was dishonored. The account on which it was drawn was closed. This is the check on which appellant was prosecuted. Appellant testified he told Sparkman the account

was closed and to hold the check until the next week but the judge did not believe the testimony. It is apparent from Sparkman's testimony that he received no such information and relied on the check to be good.

The general rule is, where the statute specifies the obtaining of something of value as an element of the offense, the giving of a worthless check in payment of a preexisting debt is not a violation of the statute. Since the debt remains unpaid the maker of the check did not obtain anything of value from the payee and did not give the check with intent to defraud. 32 Am.Jur.2d, False Pretenses, Sec. 82.

■ Our bad check law formerly was Chapter 178 of the 1915 Acts of Assembly as codified and amended from time to time. It prohibited obtaining with fraudulent intent money or other property or credit by means of a worthless check. Our present law which originated in Chapter 322 of the 1967 Acts of Assembly is different in that it prohibits the making or delivering with fraudulent intent of a worthless check "for the purpose of obtaining money, services, or any article of value, or to obtain credit". However, the distinction between actually obtaining something of value by means of a worthless check and making or delivering a worthless check for the purpose of obtaining something of value is not significant, in our opinion, in the application of the general rule referred to. We think that under either statute if the worthless check is given in payment of a preexisting debt, nothing else appearing, there is no fraudulent intent.

However, our bad check law always has included credit as a right or property that may be the target of a worthless check. As already noted, our present law provides it is unlawful for a person with fraudulent intent to make or deliver a worthless check "to obtain credit". T.C.A. 39–3–301. In *Tines v. State*, Tenn.Cr.App., 553 S.W.2d 913 (1977), the defendant issued a worthless check for deposit in the account of a company called Tiny Auto Electric, Inc. The bank credited the account of the company with the amount of the check and paid the company's checks out of the amount credited before the defendant's check came back dishonored. It was held the defendant issued the check to obtain credit for the company in violation of T.C.A. 39–3–301.

■ Although appellant made and delivered the check here for the purpose of payment on a preexisting debt, this was not the only purpose. He made and delivered it for the further purpose of obtaining additional credit. He in fact obtained additional credit in the amount of $986.40. We think this makes out the element of fraudulent intent.

Appellant submits that even if the check was given to obtain credit, fraudulent intent was not made out. He insists the prosecutor had notice the check was bad because it was made and delivered in a continuing transaction in which appellant gave the prosecutor two other bad checks. As already noticed, on May 11, 1979 appellant gave a check for $1,689.60 which was to be held an indefinite time; and on July 10, 1979 he gave a postdated check for $1,000 which was to be held until its date and then negotiated. Appellant relies on *Jones v. State*, 197 Tenn. 667, 277 S.W.2d 371 (1955).

In *Jones* the defendant was convicted at trial for passing two bad checks of $10 each. The prosecutrix had taken the second check after the first one came back unpaid. The Supreme Court said:

> We think there is material evidence sufficient to take the case to the jury on the controversial issue of fraudulent intent in passing the first check to the prosecutrix. But the evidence preponderates in favor of defendant's innocence of passing the second check with fraudulent intent. We base this assertion on the fact that the first check had been returned by the bank to the prosecutrix and it was in her possession when she cashed the second check at defendant's request. 277 S.W.2d at 373.

But the decision was not entirely on the fact the first check had been returned

when the second check was cashed. The Court previously had recited:

> The defendant testified "that when he asked Dorothy Cole, the prosecutrix, to cash the second check, she advised him that the first one had not been paid; that he then told her that he hadn't sufficient money at the time and if she would *hold both checks* he would take them up later, *to which she agreed."* He further testified "that his failure to keep his promise was due to his inability to get employment and make sufficient money to pay same".
>
> The prosecutrix made no denial that she agreed with the defendant to hold the checks as requested... (Emphasis by Supreme Court). 277 S.W.2d at 373.

The prosecutrix agreed to hold the second check as stated in the opinion and observed in headnote 4.

We are unable to say that *Jones* holds the prosecutrix had notice the second check was bad because the first check was. Also, the facts in *Jones* are different from the facts in the instant case.

Appellant seems to insist that the prosecutor had notice the check was bad because he should have known it in view of his experience with appellant. The claim has been advanced before in connection with the bad check law and rejected. It has been held that conviction is proper even if the victim could with reasonable diligence and prudence have ascertained that representations made by the accused were false. *Cook v. State,* 170 Tenn. 245, 94 S.W.2d 386 (1936).

■ In our opinion the prosecutor was not charged with notice the check was bad because of the other two checks or the transactions between the parties. We think fraudulent intent is shown by the proof.

All of the issues are decided against appellant and the judgment is affirmed.

DAUGHTREY and BYERS, JJ., concur.