STATE of Tennessee, Plaintiff–Appellee,

v.

Theda STOOKSBERRY, Defendant–Appellant.

Supreme Court of Tennessee,
at Nashville.

March 7, 1994.

Charles W. Burson, Atty. Gen. and Reporter and Kimbra R. Spann, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

David Comer, Lawrenceburg, for defendant-appellant.

### OPINION

REID, Chief Justice.

This case presents for review the judgment of the Court of Criminal Appeals affirming a conviction of issuing a worthless check in violation of Section 39–14–121 of the Tennessee Code Annotated. The record does not support the conviction.

On April 13, 1990, J.L. Dye sold some cattle to the defendant Stooksberry for $41,600, and received from Stooksberry a check

dated April 15, 1990, directing Community Bank and Trust to pay to Dye's order the sum of $41,600. The check was deposited to Dye's bank account at Lawrenceburg Federal Savings and Loan on the date received. When, subsequent to April 15, 1990, the check was presented to Stooksberry's bank for payment, it was dishonored for "insufficient funds."

Though not determinative of the issue in this case, the evidence supports the jury's finding that Stooksberry did not direct Dye's attention to the date on the instrument, and also that, after it had been deposited, Stooksberry told Mrs. Dye in a telephone conversation that there would be sufficient funds to pay the check on April 16, 1990.

The pertinent provisions of the statute are as follows:

(a) A person commits an offense who, with fraudulent intent or knowingly:

(1) Issues or passes a check or similar sight order for the payment of money for the purpose of obtaining money, services, labor, credit or any article of value, knowing at the time there are not sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order, as well as all other checks or orders outstanding at the time of issuance;

. . . .

(3) This subsection shall not apply to a post-dated check or to a check or similar sight order where the payee or holder knows or has good and sufficient reason to believe the drawer did not have sufficient funds on deposit to his credit with the drawee to ensure payment.

T.C.A. § 39–14–121 (Supp.1990).

The defendant contends that the provisions of subsection (a)(3) exclude from the application of the statute all post-dated checks. The State insists that post-dated checks are treated the same as checks and sight drafts, and can be the basis for prosecution except "where the payee or holder knows or has good and sufficient reason to believe the drawer did not have sufficient funds on deposit to his credit with the drawee to ensure payment."

The statute under which the defendant was convicted does not criminalize the passing of a post-dated check which is dishonored by the drawee bank for insufficient funds. Revision of the statute, as part of the revision of the Criminal Code in 1989, to explicitly provide that it is not applicable where the instrument passed was a post-dated check merely codified existing law. *See Cook v. State,* 170 Tenn. 245, 251–52, 94 S.W.2d 386, 388 (1936). In addition, the language of the statute cannot reasonably be interpreted as insisted by the State.

The statute addresses a narrow factual situation, *i.e.*, where the maker of a check or similar sight order obtains something of value by the fraudulent use of the instrument. An instrument is not a "check" unless it is payable on demand. T.C.A. § 47–3–104(2)(b) (1992). A "sight draft" is a check or other three party instrument payable upon presentment or at a fixed period after presentment. *See* T.C.A. § 47–3–109(1)(b) (1992). A "post-dated check" is not a check or sight draft; it is payable on the date which the instrument bears. T.C.A. § 47–3–114(2) (1992); 5 Bender's U.C.C. Service (MB) ¶¶ 31A.12[5], 42.04[2] (1993). "Under the Uniform Commercial Code the acceptance of a post-dated check amounts to a delivery on credit." 77 C.J.S. *Sales* § 235, p. 1008 (Supp. 1993); *see also Commonwealth v. Kelinson,* 199 Pa.Super. 135, 184 A.2d 374, 375–77 (1962); *Esecson v. Bushnell,* 663 P.2d 258, 260–61 (Colo.App.1983).

The gravamen of the offense defined by the statute is the "fraudulent intent" with which the instrument is passed or uttered. The offense is not the failure to pay the check after notice, but passing the instrument with the then present intent to defraud. 13 Tennessee Jurisprudence, *False Pretenses and Cheats* § 6 (1984); *Stines v. State,* 556 S.W.2d 234, 235 (Tenn.Crim.App.1977); *see also* John D. Perovich, Annotation, *Application of "Bad Check" Statute with Respect to Postdated Checks,* 52 A.L.R.3d 464 (1973).

In a case concerning a conviction under a false pretense statute, this Court observed that a post-dated check is not a "check" within the contemplation of the bad check law. *Cook v. State,* 170 Tenn. 245, 94 S.W.2d

386 (1936). The Court said of a post-dated check:

"It carried on its face implied notice that there was no money presently on deposit available to meet it, with the implied assurance that there would be such funds on the day it became due. At most it amounted to a promise that on the day it became due the drawer would have in the bank a sufficient deposit to meet it."

170 Tenn. at 252, 94 S.W.2d at 388 (quoting *Commonwealth v. Massaro*, 97 Pa.Super. 149, 151–52 (1929)). A post-dated check, as in the *Cook* case, may be used to commit offenses involving theft, deception, and fraud. However, the passing of a post-dated check does not subject the maker to conviction under the worthless check law.

The conviction is reversed, and the case is dismissed.

Costs will be borne by the appellee.

O'BRIEN and ANDERSON, JJ., concur.

DROWOTA, J., concurs in results.

DAUGHTREY, J., not participating.