IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## MORRIS COBB v. STATE OF TENNESSEE

**Circuit Court for Giles County**
**No. 14511-513**

---

**No. M2012-02364-CCA-R3-CO - Filed July 1, 2013**

---

The Appellant appeals the trial court's dismissal of his petitions for writs of error coram nobis. Having determined that the petitions were properly dismissed, this Court hereby affirms the orders of the trial court.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Morris Cobb, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant pled guilty to five counts of theft of property and two counts of passing worthless checks, and he received an effective nine year prison sentence. The Appellant timely filed petitions for writs of error coram nobis attacking each conviction. The Appellant claimed that this Court's opinions in *State v. Newsom*, 684 S.W.2d 647 (Tenn. Crim. App. 1984), and *State v. Clayton Wilburn Eslick*, No. M2004-01459-CCA-R3-CD, 2005 WL 1848474 (Tenn. Crim. App., Aug. 5, 2005), as well as three opinions by the Tennessee Attorney General, No. 00-061 (April 3, 2000), No. 91-69 (July 24, 1991), and No. 90-28 (March 1, 1990), represent newly discovered evidence entitling him to relief under the statute. The trial court denied the petitions. The record and the Appellant's brief have been filed. In response, the State has filed a motion to affirm the judgment of the trial court

pursuant to Court of Criminal Appeals Rule 20.  The Court finds this motion to be well-taken and hereby grants the same.

A petition seeking a writ of error coram nobis "shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding."  Tenn. Code Ann. § 40-26-105(b).  Furthermore, the petition "will [only] lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial."  *Id*.  The trial court erroneously stated that the Appellant could not challenge his convictions under this statute because he pled guilty.  *See Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012) (holding that a guilty plea proceeding is a trial within the meaning of the error coram nobis statute).  Nevertheless, the trial court concluded otherwise that the alleged newly discovered evidence cited by the Appellant was available at the time of his convictions.

The case law and opinions of the Attorney General cited by the Appellant in the original petitions he filed in the trial court are not "evidence" within the meaning of the error coram nobis statute, and, therefore, provide no basis for relief.  Regardless, said authority was in existence at the time the Appellant, with the assistance of counsel, entered his guilty pleas in 2011.  The fact that the Appellant may not have been personally aware of that authority is of no consequence.  *See*, *e.g.*, *Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996) (ignorance of the law provides no excuse).

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

2